J. C. & C. VAN WICK, Executors, *v.* J. RIST.

Where the capacity of a testamentary executor has been recognized, and he has been authorized to act as such by the judgment of a competent tribunal, an objection cannot be entertained collaterally, that he is a foreign executor and has not given the security required by the Act of the Legislature of 1842.

Where a total want of consideration is alleged to avoid an act, and only a *partial* want of consideration is shown by the evidence, without any tender of restitution of what was received, the plaintiff will be nonsuited.

He who seeks equity, must do equity.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.
*W. F. Kernan* and *Bowman & Delee*, for plaintiffs. *Muse & Hardee*, for defendant and appellant.

BUCHANAN, J. The proof of the capacity of plaintiffs and of their authority to act within the State of Louisiana, is found in the order of the Clerk of the District Court of East Feliciana, of the 31st of December, 1855, that the will of *Cornelius C. Van Wyck* be filed, registered and executed ; and that the plaintiffs be recognized as testamentary executors of the said *Cornelius C. Van Wyck*, and authorized to act in said capacity in the State of Louisiana. It is objected, that the Act of 1842 requires that foreign executors shall give bond and security before being authorized to act as such in Louisiana. But this objection cannot be entertained collaterally. The court will presume that all the formalities required by law were complied with, in aid of this judgment of a tribunal whose competency in the subject-matter is not disputed.

The plaintiffs sue to set aside, for fraud and error, the entry of satisfaction of a judgment rendered in two consolidated cases. The judgment was rendered on the 30th of April, 1844 ; and the entry of satisfaction upon the judgment docket is as follows :

" These judgments satisfied, as per power of attorney to me ; August 4th, 1845.        (Signed)                Z. S. LYONS, Plaintiffs' Attorney."

The petition alleges that the consideration of this entry was a tract of land of four hundred acres ; which tract of land petitioners have since ascertained to have no existence ; and that the satisfaction of plaintiffs' judgment was, therefore, destitute of all consideration whatever, and void for error on the part of the plaintiffs, caused by fraud on the part of the defendant.

On the trial, the witnesses offered by the plaintiffs themselves, prove that there was another consideration for the entry of satisfaction of judgment in question, besides the land mentioned in the petition, to wit, a negro boy.

This showing renders it unnecessary that we should pass upon a variety of legal questions presented by the record.

It is clear, that the action, in its present shape, cannot be maintained.

The plaintiffs have declared upon a *total* want of consideration, and they have proved a *partial* want of consideration. It was their duty to have tendered restitution of the negro boy, or of his value. He who seeks equity, must do equity.

The judgment of the District Court is, therefore, reversed, and judgment is rendered for defendant and appellant, as in case of nonsuit, with costs in both courts.

MERRICK, C. J., took no part in this decision.