## No. 4966.

## FIRST NATIONAL BANK OF MACON *v.* B. B. SIMMES.

There is no law which requires authentic proof of the identity or existence of a plaintiff acting *sui juris.* Whether the plaintiff be a corporation or a private association of persons is of no consequence, so far as its right to enforce the collection of the note it holds is concerned.

Where the note is made payable to the order of the maker who indorsed it in blank, and the mortgage is in favor of any holder or holders thereof, and the note is identified and described in the act of mortgage, no other proof than possession is necessary.

The plea that the defendant's title to the land purchased and for which the mortgage note was given is not perfect for the whole, can not be sustained. He does not allege that he has been disturbed in his possession; that he has been sued; or that he is threatened with a suit for the property. Besides, the parties interested in that question, who were called in warranty, are not before this court.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J. *W. W. King,* for plaintiff and appellee. *Edward Philips,* for defendant and appellant.

LUDELING, C. J. The executory process in this case was injoined on the following grounds:

*First*—That there was no authentic evidence of the existence of any such corportion.

*Second*—That there was no authentic evidence of plaintiff's title to the note.

*Third*—That the defendant's title to the land purchased, and for which the mortgage note was given, was not perfect for the whole.

. *First*—We do not know of any law which requires authentic proof of the identity or existence of a plaintiff acting *sui juris.* Whether the plaintiff be a corporation or a private association of persons is of no consequence, so far as its right to enforce the collection of the note it holds is concerned.

*Second*—The note is made payable to the order of the maker who indorsed it in blank, and the mortgage is in favor of any holder or holders thereof, and the note is identified and described in the act of mortgage; no other proof of ownership than possession was necessary.

*Third*—The plaintiff in injunction does not allege that he has been disturbed in his possession; that he has been sued; or that he is threatened with a suit for the property. C. C. 2557. Neither are we prepared to say that the objections to the title which he himself urges would be good, if the question was properly before us. But the parties interested in that question, who were called in warranty, are not before us, as no judgment was rendered on the exception filed by them, or on the issues presented by their answer, and they are not before this court.

It is therefore ordered that the judgment of the lower court be affirmed with costs.