## No. 6175.

PLEASANT H. DAVIDSON ET AL. VS. MARTHA A. DAVIDSON.

28 269
52 1291
52 1917
28 269
115 717

The court below correctly held that this suit was virtually a petitory action brought against Mrs. Martha A. Davidson, the lessee of Joseph Carroll, and that the executrix of said Joseph Carroll, the lessor, had the right to come in and defend the suit.

It was the duty of plaintiffs to have made the lessor and owner of the property in dispute a party to the suit. Nothing could be accomplished without it, as the title of Mrs. Martha A. Davidson was divested by the sale on the execution of Carroll, Hoy & Co., and passed to Joseph Carroll. It was the duty of Mrs. Carroll, the executrix of the estate of her husband, to defend the suit and protect her lessee Mrs. Martha A. Davidson, from execution.

The property was sold by order of court to pay debts after the homologation of the tableau. It was not necessary to provoke the appointment of a family meeting and obtain their action to make a valid sale of the succession property.

It has frequently been held that a sale to pay debts may be made for less than the appraised value.

The administratrix and widow in community was a competent purchaser.

Furthermore, the sale could not be disturbed, unless the plaintiffs had previously returned or offered to return the price of adjudication, which has not been done.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *T. C. Manning,* for plaintiffs and appellants. *R. J. Bowman* and *Charles Carroll,* for defendant and appellee.

WYLY, J.   In December, 1869, Martha A. Davidson, administratrix of the succession of her husband, Neal Davidson, obtained an order to sell the property of said succession to pay debts, after having previously filed a tableau.   At the sale she became the purchaser, being widow in community.   Subsequently, to wit: in February, 1872, Joseph W. Carroll bought said property under execution in the suit styled Carroll, Hoy & Co. vs. Mrs. Martha A. Davidson.

In December, 1874, plaintiffs, Pleasant A. Davidson, Mary Davidson, and J. Thomas Davidson, claiming to be heirs of Neal Davidson, brought this suit against their mother, Mrs. Martha A. Davidson, who is now in possession as lessee of Carroll, to annul the sale whereby she acquired the property at succession sale by order of court in December, 1869. The grounds of nullity set up in the petition are —

First—Plaintiffs were at the time of sale minors, and no family meeting was held prescribing the terms of sale, and no action was taken to protect their interests.

Second—The property was adjudicated for less than the appraised value.

Third—At the sale the administratrix became the purchaser, which was forbidden by law.   The defendant, Mrs. Martha A. Davidson, whose ownership had passed to J. W. Carroll by virtue of the sale under execution of Carroll, Hoy & Co. against her, filed a general denial, but made no serious defense, because evidently she was without interest, being only a lessee of the property.   Mrs. Carroll, the executrix of the succession of Joseph W. Carroll, appeared and pleaded an exception, which was referred to the merits.   She subsequently answered, admitting the property was sold by order of the probate court to pay debts, and that it was purchased by the administratrix, the widow in community ; and alleging that said property was subsequently purchased by J. W. Carroll under execution styled Carroll, Hoy & Co. vs. Mrs. Martha A. Davidson for $8000.   She denied plaintiffs' right of action, because the administration of Neal Davidson's succession is still pending and unfinished ; and denies that plaintiffs were at all injured by the sale.   Plaintiffs excepted to the pleadings and defenses set up by Mrs. Carroll, on the ground that they had not made her a party, and being a third person she should have intervened if desiring to take part in the case.

The court held that the suit was virtually a petitory action brought against Mrs. Martha A. Davidson, the lessee, and that the executrix of Joseph W. Carroll, the lessor, had the right to come in and defend the suit.

We think the bill of exceptions to the ruling of the court was not well taken.   It was the duty of plaintiffs to have made the lessor and owner of the property in dispute a party to the suit.   Nothing could be accom-

plished without it, as the title of Mrs. Martha A. Davidson was divested by the sale on the execution of Carroll, Hoy & Co., and passed to Joseph W. Carroll. It was the duty of Mrs. Carroll, the executrix of the estate of her husband, to defend the suit and protect her lessee, Mrs. Martha A. Davidson, from eviction.

On the merits the record presents no case entitling plaintiffs to recover. The property was sold by order of court to pay debts, after the homologation of the tableau. It was not necessary to provoke the appointment of a family meeting and obtain their action in order to make a valid sale of the succession property.

It has been frequently held that a sale to pay debts may be made for less than the appraised value.

The administratrix and widow in community was a competent purchaser.

Furthermore, we will remark that the sale could not be disturbed, unless the heirs previously returned or offered to return the price of adjudication, which has not been done.

It is therefore ordered that the judgment herein, rejecting plaintiffs' demand, be affirmed with costs.

Rehearing refused.