BREAUX, C. J.
This is an appeal by Marie Cecellia Lacroix, administratrix, and others from a judgment rendered in favor of the Hibernia Bank & Trust Company, trustees, against Marie Cecellia Lacroix, administratrix of the succession of Francois Lacroix, rendered on the 12th day of February, 1912, rejecting the demand of Marie Cecellia Lacroix and others, dismissing her suit but reserving any other right or form of action she may have. This suit was filed February 12, 1908.
It appears that a default was entered; subsequently by agreement the default was set aside, whereupon the defendant filed an exception on the ground that the suit' was brought without averment and proof of possession in the plaintiff; that defendant is really in actual possession and has been in possession over a year.
This exception was maintained and the suit dismissed, as before mentioned.
It is, in substance, narrated in the petition that at the instance of the creditors of the succession of Francois Lacroix the property described in the petition was sold at public auction and adjudicated to Frederick D. Brickman for $55, and that this sale was confirmed by notarial deed.
Frederick D. Brickman died, and the property, by proper probate proceedings, passed to his widow, April 14, 1899.
Two of the children of Frederick D. Brick-man departed this life and their interests went into the possession of the succession.
The plaintiff alleged that widow of Frederick D. Brickman observed the form of selling but did not sell the property described in the petition to Alfred Thompson. That subsequently Alfred and Harry Thompson pretend *266 ed to sell the property.to Edward L. Dwyer on February 23, 1906.
Dwyer signed a deed purporting to sell to the New Orleans & Pontchartrain Realty Company.
That on September 1.3, 1906, Harry B. McMurray, civil sheriff, sold the property which he had seized in executory process in suit of Hibernia Bank & Trust Company, Trustees, v. Edward L. Dwyer and the New Orleans & Pontchartrain Realty Company.
Plaintiff in her petition especially attacks this sale on the ground that the auctioneer attempted to sell the property for less thau two-thirds of its appraised value and less than its actual value at the first offering; that the adjudicatee in consequence took nothing by the sale; that Frederick D. Brick-man never owned the property, nor his successors in title.
Plaintiff Marie Cecellia Lacroix offers to return the price for which that portion of the property of the succession of Francois Lacroix now claimed in this suit was sold. She averred that this property has always been vacant.
Plaintiff did not sue any one of the ancestors in title of the Hibernia Bank & Trust Company. She only sued that bank and asked to make the register of conveyances party, and they were cited; no other person.
She prayed for judgment against these parties and against no other person.
The first point raised by the plaintiff in exception is that plaintiff does not claim civil or natural possession.
. This suit was brought before the recent law, enacted to enable parties in interest to try title to realty, had been adopted.
We have noted above the date the suit was brought. The act in question was enacted in 190S, being Act 38 of that year’s session, adopted some time in August of that year.
The parties to the suit agree in the statement that the action is neither petitory nor possessory for the reason that the plaintiff has not alleged that he is in possession.
Plaintiff finds some comfort in the thought that the exception filed and the judgment sustaining it overlooked the Act 38 of 1908, entitled an act to authorize the institution of suits to establish title to real estate where none of the parties are in possession.
Plaintiff cites Davidson v. McDonald, 126 La. 539-542, 52 South. 758, in which this court held that the act was passed with the view of establishing a mode of determining title where neither party is in possession, and furthermore that owners of property were given ample remedy to protect the ownership of realty.
We pass from this question without expressing our views in regard to the retroactive effect of the Act 38 of 1908 or in regard to the law of 1908.
We are concerned with the position of learned counsel for plaintiff that a judgment rendered in her favor recognizing her title would undoubtedly leave plaintiff as the owner with the only recorded title.
We are not as confident in that respect as learned counsel. We are not of the opinion that it is proper to order the cancellation of title without the parties who were parties to the sales. The adjudicatee at succession sale is not a party, and yet we are asked to annul the sale as to him.
This is an action to set aside title of different prior .owners and interested parties; to vindicate title in opposition to the possible claims of former owners and possible warrantors. Their rights, whatever they may be, would remain unaffected were we to decide this suit contradictorily with defendant (the alleged owner) only, and the register of conveyance. For that reason it is of the greatest importance to the action to make all parties to probate sale and those who preceded them parties to the suit. The requirement bears similarity to the action of partition *268 which cannot be proceeded with unless interested parties in the property partitioned are cited.
The following decisions are to the point— parties should be before the court: Davidson v. Davidson, 28 La. Ann. 269; Van Wick v. Rist, 14 La. Ann. 56; Hibernia Bank v. Whitney, 122 La. 895, 48 South. 314; Rudolf v. Costa, 119 La. 786, 44 South. 477.
The purchaser, Brickman, at the auction of property of the succession made in 1878, is not a party although the act of adjudication to him is attacked as null.
Plaintiff asks that the adjudications made at different auction sales — evidently referring to conveyances in different judicial proceedings of a date anterior to the conventional sale under which the defendant holds — be decreed null and void.
' Plaintiff alleges that she is ready and willing and offers to return to defendant the price for which the property of the succession was adjudicated to Brickman, deceased, and now tenders the amount.
It does not appear that the amount was ever tendered. This was an essential act. We have noted above that there had been a default entered which would have had the effect of nullifying and setting aside the exception of want of tender. By agreement between the parties, the default was set aside and the exception fixed for hearing. The issues were then before the court as if no default had been taken. It was not too late in view of this agreement to change the grounds of the exception, as there was in reality no default because of the consent before mentioned.
Eor reasons stated, the judgment appealed from is affirmed.