ROGERS, Justice.
 

 This is a suit by Miles Reid and others to obtain the annulment of the sale, under executory process, of a certain tract of land situated in the Parish of East Baton Rouge. The defendant is the Federal Land Bank of New Orleans, the mortgagee, and also the adjudicatee at the sheriff’s sale. The defendant filed an exception of no cause and no right of action, which was overruled. Defendant then filed its answer asserting the legality of the sheriff’s sale and pleading, in addition, that the plaintiffs are estopped to deny its validity. The trial on the merits resulted in a judgment in favor of plaintiffs, overruling the plea of estoppel and annulling the sale under the foreclosure, but without prejudice to defendant’s mortgage, which was recognized as a valid encumbrance on the property. From this judgment the defendant has appealed.
 

 The record discloses the following facts. On March 14, 1919, Mrs. Della Kitner
 
 *1121
 
 Reins executed a mortgage to the Federal Land Bank of New Orleans to secure her note in the sum of $6000. The mortgage covered 160 acres, known as the “Irwin Tract” in the Parish of East Baton Rouge. On February 10, 1920, Miles Reid purchased the property from Mrs. Della Kitner Reins and, as part of the purchase price, assumed the payment of the mortgage note. This purchase was made by Miles Reid for the benefit of himself and his brother Harmel E. Reid, in equal proportions. The wife of Harmel E. Reid died on May 24, 1930, and her community interest in the property was inherited by her four children. Miles Reid, Harmel E. Reid, and his four children, issue of his marriage with his deceased wife, Mrs. Vina Krofft Reid, are the plaintiffs in this suit.
 

 On November 14, 1935, the Federal Land Bank foreclosed its mortgage via executiva against the Succession of .Della Reins. In its petition, the Federal Land Bank alleged that it was the holder and owner, for a valuable consideration before maturity, of a certain mortgage note, made and subscribed by Della Reins, deceased, who formerly resided in Baton Rouge, East Baton Rouge Parish, Louisiana. The petitioner further alleged “that your petitioner is informed and believes and on such information and belief alleges that Della Reins is deceased and that prior to her death she sold and transferred the herein-above described mortgaged property; that the Succession of Della Reins is not under administration and has not been accepted by her heirs, and that the appointment by the Court of an attorney at law to repre- • sent the Succession of the deceased debtor is necessary and essential for the purpose of permitting the petitioner to proceed in rem contradictorily against said attorney.”
 

 The prayer of the petition was as follows: “Wherefore, the premises and the annexed documents considered, petitioner prays for an order of executory process herein; that an attorney at law be appointed to represent the Succession of Della Reins, contradictorily with whom these proceedings shall be carried on, and after due and legal demand of payment that a writ of seizure and sale issue * * »
 

 On this petition and prayer the judge of the district court ordered executory process to issue, and he appointed an attorney at law to represent the Succession of Della Reins. The property was sold on January 4, 1936.
 

 The plaintiffs, in this suit, contend that the sheriff’s sale was illegal and void for the reason, primarily, that Mrs. Della Reins, the mortgagor, was living at the time of the foreclosure proceeding; that the appointment of an attorney at law to represent her Succession was illegal, and that all proceedings conducted contradictorily with the attorney were' null, and, secondarily, that the mortgaged property was not legally seized.
 

 In addition to the question raised by defendant’s exception of no cause or right of action, the case involves three questions arising under the contentions of the parties
 
 *1123
 
 on the merits, namely, first, whether the foreclosure proceeding conducted against the Succession of Della Reins, a living person, was legal; secondly, whether a valid- seizure of the mortgaged property was made under the writ of executory process; and thirdly, whether plaintiffs are estopped to contest the validity of the foreclosure proceeding and sale.
 

 Defendant predicates its exception of no cause or right of action on the alleged failure of the plaintiffs to allege any possession either in themselves or in any other person. An examination of its allegations discloses that the petition does not contain any allegation relating to the possession of the property involved in this suit, except the allegation that plaintiffs were in physical possession at all times during the year 1935, and that they were still in possession at the time the property was sold in the foreclosure proceeding. The petition does not contain any allegation as to who, if any one, was in possession at the time this suit was instituted. Therefore, the question presented for decision is whether the. petition fails to disclose a right or cause of action because of plaintiffs’ failure to set forth therein who was in possession of the property at the time they brought their suit.
 

 Conceding that defendant has the right to raise this question, which is not at all clear, we do not think that defendant’s argument in support of its side of the question is sound. Defendant argues that plaintiff’s action is not a petitory action, a possessory action, an action in jactitation, nor an action to try title under Act No.. 38 of 1908, but that it is an action to determine the ownership of the property involved, which can not bé done until plaintiffs affirmatively show who is in possession of the property.
 

 Plaintiff’s petition and prayer clearly show that the action is a direct action to annul a judicial sale. This type of action is recognized under our jurisprudence. Viguerie v. Hall, 107 La. 767, 31 So. 1019; Winsor v. Taylor, 167 La. 169, 118. So. 876; Cross on Pleading, pp. 247-251. Neither our statutory law nor our jurisprudence requires that in a suit to annul a judicial sale the plaintiff must allege that he is in possession, or that a third person is in possession, or that no one is in possession of the property in dispute.
 

 An action to annul a judicial sale may partake of the nature of a petitory action, but it is not a petitory action. It is a separate suit which, however, plaintiff, at his risk, may cumulate with a petitory action. Vinton Oil & Sulphur Co. v. Gray, 135 La. 1049, 66 So. 357; Strong v. Haynes, 152 La. 695, 94 So. 322; Winsor v. Taylor, supra.
 

 In proceedings containing informalities and irregularities which render the title voidable but not absolutely void, the transfer made therein cannot be set aside in a petitory action against a third possessor, who was not a party to .the transaction. The only remedy in such a case is by a direct action of nullity against the parties to the transaction. Richardson v. McDonald, 139 La. 651, 71 So. 934; Gandy v. Caldwell, 169 La. 870, 126 So.
 
 *1125
 
 221; Long v. Chailan, 187 La. 507, 175 So. 42.
 

 It seems to be clear from those decisions, and from others that might be cited, that the proper way - to obtain the annulment of a judicial sale is by means of a direct action against the party provoking the sale and the adjudicatee at the sale, but that if plaintiff is willing to assume the risk of taking nothing by his action, he may treat the sale as an absolute nullity and bring a petitory action against the possessor, or he may, by making all parties in interest parties to the suit, cumulate the action of nullity with a petitory action. But while our jurisprudence permits, it does not require that the action of nullity and the petitory action must be cumulated.
 

 The present suit is one by certain persons, alleging that their property was illegally sold, against the party that provoked the sale and became the purchaser at the sale. It is unimportant whether plaintiffs, who claim their property was illegally sold, are in possession or out of possession. If defendant has no interest in the property, or if there is a third person who has an interest, which defendant thinks should be litigated, the duty rests upon defendant and not upon plaintiffs to set forth the facts. Plaintiffs are not seeking to oust the possession of a third person who may have purchased a portion of the property. The sole question plaintiffs are raising is, that they are the owners of the property in dispute; that the defendant, the Federal Land Bank, caused their property to be. sold by the sheriff and became the adjudicatee at the sale; and that the sale and adjudication, for the reasons stated, are null.
 

 If a third person is interested in the question, he will have his day in court. Until he has, no judgment can be rendered adjudicating upon his rights. If defendant thought that a third person has rights which should be litigated in this suit, defendant, by a proper proceeding in which the facts were set forth, should have asked that the suit be dismissed for non-joinder of parties defendant, or that the proper parties should be made. This the defendant has not done.
 

 In support of its position that the petition is faulty because of the lack of an affirmative allegation of possession, defendant cites Articles 43 and 44 of the Code of Practice and the cases of First National Bank v. Simmes, 26 La.Ann. 147; Succession of Ricard, 27 La.Ann. 365; Davidson v. Davidson, 28 La. Ann. 269; Beland v. Gebelin, 46 La.Ann. 326, 14 So. 843; Lacroix v. Hibernia Bank & Trust Co., 135 La. 263, 65 So. 237; and Todd v. Chanove, 165 La. 453, 115 So. 653. Neither the codal articles nor the authorities cited support defendant’s position, nor are they contrary to the views we have hereinabove expressed.
 

 Articles 43 and 44 of the Code of Practice deal with petitory actions and not with direct actions of nullity. A mere reading of the decisions in First National Bank v. Simmes, supra, and Succession of Ricard, supra, discloses that the issues involved in those cases were not the same as the issues involved in this case. Davidson
 
 *1127
 
 v. Davidson, supra, was a petitory action that was brought against a lessee as owner. The executrix of the lessor intervened, which she not only had the right to do, but which was also her duty to do, to defend the suit and protect her lessee from eviction. Beland v. Gebelin, supra, was a petitory action in which the plaintiff treated a judicial sale as null. The Court recognized the right of the plaintiffs- to disregard the various proceedings that they considered null, but stressed the proposition that they did so at their own risk. In Lacroix v. Hibernia Bank & Trust Company, supra, the suit was brought prior to the adoption of Act No. 38 of 1908 and was neither a petitory nor a possessory action. It was a suit against a third person holding a record title that plaintiff claimed was null because of an alleged illegal succession sale made to some of the defendant’s antecedents in title without making parties defendant any of the prior owners and, in particular, without making the adjudicatee at the succession sale, which plaintiff sought to annul, a party to the proceeding. In these circumstances, the Court correctly held that the proper parties were not before the Court. The Court did not hold that the present record title owner had to be made a party, because this was not an issue in the case. But the Court did hold that the adjudicatee at the alleged illegal sale was a necessary party. This holding is favorable to the contention set up by the plaintiffs in this case.
 

 Todd v. Chanove, supra, the most recent case cited by defendant in support of its position, likewise has no bearing on the issues arising in this case. Counsel for defendant, in their brief, refer to the statement in the opinion of the general rule [165 La. 453, 115 So. 655]: “It is elementary that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing.” That statement was made in a suit in which the plaintiff sought to annul a succession sale of 360 acres of land. The suit was not brought against the adjudicatee at that sale. It was brought against a subsequent purchaser from the adjudicatee of 80 acres out of the 360 acres acquired by the adjudicatee. In these circumstances, the Court properly held that the suit must be dismissed for want of necessary parties.
 

 In the present case, the plaintiffs are not seeking to condemn any person without a hearing. Their suit is not against a third person purchasing a portion of the property from the adjudicatee, but is one against the Federal Land Bank which was not only the plaintiff in the foreclosure proceeding, but was also the adjudicatee of the property sold in that proceeding.
 

 On the merits, plaintiffs’ attack on the validity of the foreclosure proceeding and sale involves two complaints. The first complaint relates to their alleged nullity because of the appointment of an attorney to represent the succession of a mortgage debtor alleged to be dead, although she was actually alive. The second and alternative complaint is, that even if the appointment of an attorney to represent the succession of a living person is valid, the property was
 
 *1129
 
 never legally seized under the writ of ex-ecutory process. '
 

 We do not find it necessary to consider plaintiff’s alternative complaint, since we find that plaintiff’s primary complaint is well founded and must be sustained.
 

 The record shows that Della Kitner Reins was not only alive at the time the foreclosure proceeding was instituted and an attorney appointed to represent her succession, but also that she was alive at the time this suit was tried in the district court. Notwithstanding this fact, the defendant, Federal Land Bank, contends that it substantially complied with the law in provoking and conducting the foreclosure proceeding in which it became the adjudicatee of the property in dispute. As authority for its contention defendant relies on the case of Lotz v. Iberville Bank & Trust Company, 176 La. 579, 146 So. 155. In that case this Court held that where a suit was brought against a non-resident, the attorney, appointed to represent the nonresident, represented him or her, if living, and his or her heirs, if dead, and that it was not necessary for the mortgage creditor to ascertain whether the absentee mortgage debtor was actually living.
 

 There can he no question that it is not necessary to cite the mortgage debtor when the mortgage creditor is in possession of an act importing a confession of judgment. Code Prac. art. 734. If the mortgage debtor is an absentee, all that is necessary for the mortgage creditor to do is to request the Court to appoint an attorney to represent the debtor to whom notice of demand shall be given and contradictorily with whom the seizure and sale shall be prosecuted. Code Prac. art. 737.
 

 The executory process brought by the Federal Land Bank under consideration here was not directed against an absentee debtor. On the very face of the record the proceeding was instituted and conducted against a succession. In the belief that Della Kitner Reins, the mortgage debtor, was dead, the Federal Land Bank, the mortgage creditor, -availing itself of the provisions of Act No. 44 of 1932 (later amended by Act No. 273 of 1936) proceeded in rem contradictorily with an attorney appointed by the Court to represent the succession of the mortgage debtor. If the mortgage debtor were dead, there could be no valid objection to the legality of the foreclosure proceeding, but she was not dead.
 

 In its foreclosure proceeding, the Federal Land Bank did not allege that Della Kitner Reins, the mortgage debtor, was an absentee. The bank specifically alleged that Mrs. Reins was dead; that her succession was not under administration, and that it had not been accepted by her heirs. The bank further specifically requested that an attorney be appointed by the Court to represent the succession of Della Kitner Reins, which request was granted. All these things were done under the express authority of Act No. 44 of 1932, which was enacted for the purpose of facilitating the foreclosure of mortgages against deceased persons.
 

 Although the Federal Land Bank may have intended that the attorney, who, at its request, was appointed by the Court in its
 
 *1131
 
 foreclosure proceeding, should represent the alleged mortgage debtor — the succession or heirs of Della Kitner Reins, as there was no such succession nor heirs, the attorney so appointed actually represented nobody. This being true, it logically follows that the service of notice of de' mand for payment and the notice of seizure upon the attorney appointed to represent her succession was no service at all upon Della Kitner Reins, the mortgage debtor, nor upon her heirs. The Succession of Mrs. Reins was not the mortgage debtor, and no one was appointed to represent Mrs. Reins personally, who was the mortgage debtor. As no service was made either upon Della Kitner Reins or upon an attorney appointed to represent her, it is clear that in attempting to foreclose its mortgage, the Federal Land Bank failed to comply with the provisions of the Code of Practice dealing with executory process.
 

 After referring to and quoting extensively from the decision of this Court in the case of Lotz v. Iberville Bank & Trust Company, supra, counsel for the defendant, in their brief, offer the following comment: “It seems to us too obvious to require a statement, that if the Court would refuse to annul a foreclosure sale where the original debtor was dead, though represented to be an absentee, that the Court would likewise refuse to annul a foreclosure sale where the original debtor, though alleged to be dead, was really merely an absentee.” A sufficient answer to counsel’s comment is that if the original mortgage debtor were dead, there would be the representation of somebody at interest — the succession or the heirs of the alleged absentee, whereas if the debtor were alive, there would be no succession nor any heirs to represent. Nowhere in the decision of the Lotz case is there to be found any statement showing the intention of this Court to hold that an attorney appointed to represent a succession, where there is no succession, represents the debtor, or the person alleged to be dead, if alive. It would seem to be clear that a notice directed to a person’s heirs or to the representative of a person’s heirs, can not suffice as a notice to a person who is alive. When such notice is given to the succession of a deceased debtor, it is given upon the theory that the original debtor no longer exists. No validity attaches to a legal proceeding in which one person is sued and another and unauthorized person is served with the notice or citation.
 

 As between the Federal Land Bank, the mortgage creditor, and Della Kitner Reins, the mortgagor, Mrs. Reins was the debtor — not her succession nor her heirs. In addition to the mortgage that the bank held against her property, there was a personal liability on the part of Mrs. Reins to the bank growing out of the execution of the notes secured by the mortgage. To this extent, Mrs. Reins had an interest in the foreclosure proceeding. In executory process, the notice of demand for payment stands in the place of citation. By and through it, the defendant is afforded an opportunity to be heard. If such notice is not served upon the de
 
 *1133
 
 fendant nor upon one legally qualified to receive it as a representative of defendant, it can not be said that defendant has had such an opportunity.
 

 We do not find that the case of Adler v. Adler, 126 La. 472, 52 So. 668, cited on behalf of defendant, is analogous to or has any bearing upon the instant case.
 

 Our conclusion is that the foreclosure proceeding instituted by the Federal Land Bank against the Succession of Della Kitner Reins and the sale thereunder are null, because Mrs. Reins, the real debtor, was alive and was not legally represented in the manner prescribed by law.
 

 This brings us to the next question requiring our consideration. This question arises under defendant’s plea of estoppel based on plaintiffs’ alleged ratification of 'the foreclosure proceeding and sale.
 

 The defendant, Federal Land Bank, after alleging in the answer that subsequent to its purchase of the property at the foreclosure sale it had sold a portion of the property to Mrs. Helen S. Laurence, further alleged that plaintiffs had acquiesced in its acquisition of the property and had recognized its title thereto, because Harmel E. Reid negotiated the sale to Mrs. Laurence, receiving a commission therefor, and also leased a portion of the property to L. N. Day, receiving a commission therefor, and because, further, of certain offers made by Miles Reid to the Federal Land Bank to purchase the property or a portion thereof.
 

 It appears that in March, 1936, Harmel E. Reid began to work in the office of Pardue and Pardue, real estate agents of the City of Baton Rouge. While working in this office, he negotiated or assisted in negotiating, the sale by the Federal Land Bank of a part 'of the property to Mrs. hielen S. Laurence, and he also attempted to lease for the Federal Land Bank a portion of the property to L. N. Day. However, H. R. Reid never received any commission on the sale to Mrs. Laurence, and there was never any lease executed in favor of L. N. Day.
 

 The record shows that none of the plaintiffs had any knowledge whatsoever of the foreclosure proceeding by the Federal Land. Bank until several months after the execution of the sheriff’s sale in that proceeding. The record also shows that at the time of the alleged ratification of defendant’s title by the promotion of the sale to Mrs. Laurence and by the offers to re-purchase
 
 the
 
 property, none of
 
 the
 
 plaintiffs knew that Della Kitner Reid was alive and that the Federal Land Bank had foreclosed its mortgage against a succession that did not exist and that, therefore, the proceeding and sale were null or might be null. Plaintiffs only learned that Mrs. Reins was alive a short time before filing this suit. Prior to that, one or more of plaintiffs had heard that Mrs. Reins was dead. If plaintiffs believed that she was dead, they were warranted in believing that the foreclosure proceeding and sale were valid, whereas if they knew she was alive, which they did not know, _ they would have had the right to believe that the foreclosure proceeding and sale were null.
 

 
 *1135
 
 If it had been shown that the plaintiffs, when the sale to Mrs. Laurence was executed and the offers to purchase were made, knew that Della Kitner Reins was alive and that, therefore, the sheriffs sale might be null and they failed to disclose the fact, they would have been in bad faith and estopped to question- defendant’s title. But there is no testimony whatever to the effect that they had this knowledge. The testimony shows otherwise. Plaintiffs had the right to believe that the foreclosure proceeding and sale were valid because, obviously, they believed that Della Kitner Reins was dead. If in this belief they, as well as the Federal Land Bank, were mistaken and they learned that she was alive only after they had performed the acts with which they are charged by defendant, it is clear that these acts were performed in total ignorance of their rights. If plaintiffs had remained quiescent after obtaining knowledge of the illegality of the foreclosure proceeding and sale, and if they had then done the things with which they are charged by the Federal Land Bank, and if the position of the Federal Land Bank had been changed to its prejudice thereby, it may be that defendant’s plea of estoppel by ratification would be well founded, but no such thing occurred.
 

 The intention to ratify must be clear. The acts relied upon as amounting to ratification must clearly evince and make certain the intention to acquiesce in and, thus, to abandon any legal right to question or object to the status involved. Celeste Sugar Co., Inc, v. Dunbardukate Co., Inc., 160 La. 694, 107 So. 493; International Accountants Society v. Santana, 166 La. 671, 117 So. 768, 59 A.L.R. 276. We find no error in the action of the trial judge in overruling the plea of estoppel.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., does not take part.