280 So.2d 271 (1972)
Nancy Guedry BOURGEOIS
v.
Madge Fields DE SOTO et al.
No. 9119.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
On Rehearing May 30, 1973.
Rehearing Denied July 5, 1973.
Writ Refused September 7, 1973.
Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for appellant.
Charles E. Cabibi, Jr., New Orleans, for Charlotte Staack.
Ronald W. Guth, Fritchie, Cooley & Guth, Slidell, Scallan E. Walsh, Baton Rouge, for Madge Fields DeSoto.
Before LOTTINGER, ELLIS and CUTRER, JJ.
*272 LOTTINGER, Judge.
This is a suit by Nancy Guedry Bourgeois, as petitioner, and against Madge Fields De Soto wife of and Anet De Soto and Charlotte S. Stack, as defendants, to have the Court declare null and void a Sheriff's Sale wherein Madge Fields De Soto was the successful bidder. Exceptions of no right or cause of action were filed by the defendants and were maintained by the Lower Court. The petitioner has taken this appeal.
The facts show that Jacob Richard Bauer held a first mortgage dated September 15, 1962, on certain property in St. Tammany Parish owned by Athen Sidney Tanner. The Small Business Administration had a second mortgage dated January 13, 1965, on the same property.
Jacob Richard Bauer has since died and defendant, Charlotte S. Stack, is the testamentary executrix of his succession. On December 18, 1965, Athen Sidney Tanner sold the real estate in question to petitioner herein. As part of the consideration for the said sale, petitioner assumed payment of the second mortgage on the property in favor of S.B.A., however, no mention was made of the first mortgage in favor of Jacob Richard Bauer.
On January 28, 1966, Athen Sidney Tanner died, leaving a will which has been probated and under which Madge Fields De Soto was named the testamentary executrix and universal legatee. On September 20, 1967, an order of executory process was filed by the Court ordering the seizure and sale of the property originally owned by Athen Sidney Tanner but subsequently sold to petitioner. A curator ad hoc was appointed to represent the estate of Athen Sidney Tanner. Petitioner was not aware that the succession of Mr. Tanner had been opened and that Mrs. De Soto had been appointed as testamentary executrix.
The notice of appointment, demand for payment and the petition for executory process was served on the curator ad hoc on October 13, 1967. The notice of seizure was served on the curator ad hoc on November 2, 1967.
On November 10, 1967, an amended and supplemental petition was filed in the executory proceeding stating that the succession of Athen Sidney Tanner had been opened and that Mrs. Madge Fields De Soto had qualified as the testamentary executrix of this estate and as such would be the proper person upon whom the suit should be served. The original petition and supplemental and amended petition were then served on Mrs. De Soto.
The sale was advertised, the advertisement stating that "the terms of the sale would be for cash without benefit of appraisement." Madge Fields De Soto was the highest bidder at the Sheriff's Sale held on December 13, 1967, and title was delivered to her.
On March 26, 1968, a petition was filed in the succession of Athen Sidney Tanner stating that there was a second will of Mr. Tanner's dated December 18, 1965, naming petitioner herein as executrix and, the appointment and confirmation of Madge Fields De Soto was revoked on March 26, 1968, some three months after the sale. The second will has never been filed nor probated and the right to do so has now prescribed.
The petitioner has filed suit seeking to annul the Sheriff's Sale of the property in question. Exceptions of no right nor cause of action were filed and maintained by the Lower Court. The petitioner has taken this appeal.
Petitioner maintains that the judicial sale should be annulled, first, because of the irregularities of the service of notice of demand and notice of seizure and sale of the property, second that the petitioner was a victim of fraud as a result of the Sheriff's Sale. The Lower Court held that the first contention was without merit, and that the second contention was not properly pleaded and gave petitioner a period of *273 fifteen days within which to amend and to set forth specific facts to maintain a cause of action for fraud, if such facts exist. Following the amendment to petitioner's petition the Lower Court again maintained the exceptions.
The sale from Jacob Bauer to Athen Tanner contained a confession of judgment and a pact de non alienando.
Article 2632 of the Louisiana Code of Civil Procedure provides that:
"An act evidencing a mortgage or privilege imports a confession of judgment when the obligor therein acknowledges the obligations secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity."
Article 2701 of the Louisiana Code of Civil Procedure further provides that:
"A mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding." (Italics supplied.)
Thus, as the original debtor was Athen Tanner, the petitioner in the executory proceeding had only to make Mr. Tanner, his executor or heirs defendant in the foreclosure proceeding. The rights of a third possessor, or person who has acquired the property subject to the mortgage and who has not assumed the payment of the indebtedness secured thereby, are set forth in Article 2703 of the Louisiana Code of Civil Procedure, however, none of those rights are present in the instant law suit.
In First National Bank of Shreveport v. Houseman, 181 La. 886, 160 So. 618, the Court in dealing with the situation where property subject to a mortgage containing a pact de non alienando was subsequently transferred to a third possessor, said:
"All the transactions between, Houseman and the bank occurred prior to the transfer of the mortgaged property by Houseman to the opponent. As the act of mortgage contained a pact de non alienando, the subsequent acquisition by opponent of the mortgaged property was of no effect so far as the mortgage was concerned.
The pact de non alienando in a recorded act of mortgage makes a subsequent mortgage or other disposition of the property ipso jure void so far as the original mortgagee and his assigns are concerned. Maisonneuve v. Martin, 155 La. 938, 99 So. 704."
Now, when the executory proceeding was first instituted, the petitioner therein had a curator ad hoc appointed by the Court to represent the deceased, Athen Sidney Tanner. Subsequently, when the petitioner discovered that the succession proceeding had been opened and that Mrs. De Soto had been named as the testamentary executrix and universal legatee under Mr. Tanner's last will and testament the petitioner in the executory proceedings amended his petition so as to name her as a defendant therein. She was served with a copy of the petition and supplemental petition, however, she was not served with the three day demand for payment as is required by Article 2639 of the Louisiana Code of Civil Procedure. Said Article provides as follows:
"Before issuing the writ of seizure and sale, the clerk shall issue a demand upon the defendant for payment of the amount due and all costs of Court. This demand shall notify the defendant that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the *274 property described in the petition will be seized and sold according to law.
The demand for payment need not be issued if it has been waived by the debtor in the act of mortgage or privilege; and in such event, the clerk shall issue the writ of seizure and sale immediately."
In Avegno v. Schmidt & Ziegler, 35 La. Ann. 585, the Court said:
"Morgan's rights having been uneffected by the confiscation proceedings, and his act of mortgage containing the clause or pact "de non alienando," he was authorized to proceed in foreclosing his mortgage against Avegno, his mortgagor, in the same manner as though no divestiture of the latter's title and ownership had ever occurred."
Furthermore in Slayton v. Swor, La. App., 195 So. 85, the Court said:
"The non alienation clause authorizes the creditor to seize and sell the mortgaged property as if it belonged to the debtor. Thompson v. Whitbeck, 47 La. Ann. 49, 16 So. 570. He may ignore all transactions occurring subsequent to the mortgage's execution and recordation and proceed against his mortgagor as though a latter's title had never been divested or otherwise affected. Avegno et al. v. Schmidt and Ziegler, 35 La.Ann. 585."
From the above it is apparent that the petitioner in the executory proceeding was entirely within his rights in proceeding against the original mortgagor alone. At the time of the service of the executory proceeding as well as at the time of the Sheriff's Sale, Mrs. De Soto was the testamentary executrix of the last will and testament of Athen S. Tanner and was the proper person to be served with any pleadings. Although she was not served with the three day demand required by Article 2639, she appeared at the judicial sale and actually was the successful bidder which we believe effectively waives any right she might have to now contest the proceeding because of failure to serve her with the notice of demand, of course, she is not the complaining party herein. The complaining party, Mrs. Bourgeois, was not named as a defendant in the proceeding nor was she required to be named as such, and, consequently, she was not entitled to receive a three day notice of demand.
The record discloses that following the death of Mr. Tanner, defendant, Madge De Soto, sought to obtain possession of the premises which had been sold to petitioner. After failing in attempts to have Mrs. Bourgeois voluntarily leave the premises, the defendant, Madge De Soto, produced a copy of her letters of administration in Tanner's succession, a year or more after his decease, and demanded that Mrs. Bourgeois leave the premises. During all this period Mrs. Bourgeois had been paying the monthly mortgage notes on the subject property. Upon demand by Mrs. De Soto that Mrs. Bourgeois leave, she proceeded to vacate the premises and made no further payments on the mortgage, apparently believing that she had no right to the property. Because of the failure to make future payments, the executory proceeding followed.
We do not feel that the insistence by Mrs. De Soto that Mrs. Bourgeois vacate the property would constitute fraud, as certainly Mrs. Bourgeois had perfect right to secure legal counsel. The time for her to attend to her legal rights was at that particular time not now some years later.
Another allegation of fraud made by the petitioner is to the effect that a representative of the Small Business Administration was apparently advised by someone in the Sheriff's office that, if he successfully bidded in the property to protect his second mortgage, he would not have to pay cash but would be allowed to order a treasury check and pay the purchase price within ten days. Upon arriving at the sale, the representative for the Small Business *275 Administration was told by the Sheriff's deputy that he needed cash to bid and that he could not bid under the previously agreed arrangement but would be required to pay cash. Apparently, the attorney for Mrs. De Soto insisted on a cash sale.
Article 2609 of the Louisiana Civil Code provides that:
"If the adjudication be made on condition that the price shall be paid in cash, the auctioneer may require the price immediately, before delivering possession of the thing sold."
In the advertisement for the sale of the property it was provided that the sale would be for cash. R.S. 13:4360 provides that "If the terms of the sale provide for the full payment of the adjudication price at the moment of the adjudication, or if the terms provide for a deposit, and the purchaser fails to make such full payment or deposit, the seizing creditor may direct the officer conducting the sale either to re-offer the property immediately, or readvertise the property for sale ..."
We must remember that this was a public sale with the property being purchased by the highest bidder for cash in accordance with the advertisement which appeared in the official journal. To maintain an action of fraud petitioner must, under the provisions of Article 856 of the Louisiana Code of Civil Procedure, allege fraud with particularity. The fraud must be much more than mere conclusion but must set forth with particularity anything that defendant said or did that constitutes the alleged fraud, and how it was practiced upon her. Weysham v. Aiavolasiti, La. App., 227 So.2d 798.
Intent is an essential element of fraud. Intent was not alleged either in plaintiff's petition or supplementary and amending petition. Defendant may not be charged with fraud while in the course of pursuing a legally authorized course of action. Earl v. Liberty Loan Corp. of West Monroe, Inc., La.App., 193 So.2d 280; Farwell v. Milliken and Farwell, La.App., 145 So.2d 644.
As petitioner has failed to allege with particularity any factual situation consisting of fraud which caused her injury or damage she has failed to set forth a cause of action. The unfortunate thing about this proceeding is that the petitioner did not seek legal consultation prior to voluntarily leaving the property and terminating payments on the mortgage.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.
ELLIS, Judge (dissenting):
This is a suit to annul a judicial sale made pursuant to an order of executory process, brought by a third possessor. Her status as a plaintiff has not been questioned herein, nor could it be. I believe that she has shown the existence of a relative nullity in the sale because of the failure of the sheriff to serve the notice of demand upon the proper party defendant.
That the failure to serve the notice of demand to pay strikes with nullity a sale in an executory proceeding is settled law. Ring v. Schilkoffsky, 158 La. 361, 104 So. 115 (1925); Consolidation Loans v. Guercio, 200 So.2d 717 (La.App. 1 Cir. 1967).
Such a defect may be the basis of a separate action to annul the sale. Courshon v. Mauroner-Craddock, Inc., 219 So.2d 258 (La.App. 1 Cir. 1968).
The majority opinion holds that plaintiff can not complain of the failure to serve Mrs. De Soto with the notice of demand to pay because plaintiff was not named as a defendant and was not herself entitled to such notice. It is true that a third possessor does not have to be served in a proceeding such as this, but I believe she has *276 an interest in seeing that the proceedings are properly carried out, and that as record owner of the property, she may bring such an action as this to protect her interest therein.
In my opinion, the sale should be set aside, and the case remanded so that it might be conducted in accordance with law. I do not view this case as in any way attacking the validity of the original order of executory process, and therefore not within the purview of the nullity articles.
I respectfully dissent.

ON REHEARING
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge.
This is a suit to nullify a judicial sale made pursuant to an order of executory process issued in the case of Jacob Richard Bauer v. Estate of Athen S. Tanner, No. 27184 of the Docket of the 22nd Judicial District Court for the Parish of St. Tammany. Reference is made to our original opinion herein, which details the facts of the case. We granted a rehearing herein so that we might consider the correctness of our holding that the sale was not null for failure to serve the notice of demand to pay and the notice of seizure on the proper party defendant, and that the plaintiff had no right to attack the validity of the said sale.
The essential facts are that the foreclosure suit was brought against a curatorad-hoc on whom service of the notice of demand to pay and the notice of seizure was made. At that time, Madge Fields De Soto had qualified as the Testamentary Executrix of the Succession of Athen S. Tanner, and was the proper party defendant, under Article 2673 of the Code of Civil Procedure. She was subsequently served with a copy of the pleadings, but was never served with the two notices which had been served on the curator. Service on the wrong party is no service at all.
It is settled law that the failure to serve the notice of demand to pay, in the absence of a waiver thereof, and failure to serve the notice of seizure, are not informalities in the proceedings, but are defects which strike the sale with nullity. Ring v. Schilkoffsky, 158 La. 361, 104 So. 115 (1925); Consolidation Loans, Inc. v. Guercio, 200 So.2d 717 (La.App. 1 Cir. 1967).
The right of a third possessor to bring a direct action to nullify a judicial sale has also been long recognized in Louisiana. See Reid v. Federal Land Bank of New Orleans, 193 La. 1017, 192 So. 688 (1939), and cases therein cited.
We therefore hold that plaintiff has alleged a cause of action in the respects set forth herein, and that she has a right to seek the nullity of the judicial sale by a direct action. The exceptions were improvidently sustained.
The judgment appealed from is therefore reversed, and there will be judgment herein overruling the exceptions of no cause and no right of action, and remanding the case to the district court for trial on the merits. All costs of this appeal are to be paid by defendants. Assessment of all other costs shall await the final determination hereof on the merits.
Reversed and remanded.

ON REHEARING
LOTTINGER, Judge.
I respectfully dissent from the opinion of the majority herein on the rehearing of this matter.
As was stated by the majority on page 274 of the original opinion herein, "... as at the time of the Sheriff's Sale, Mrs. De Soto was the testamentary executrix *277 of the last will and testament of Athen S. Tanner and was the proper person to be served with any pleadings. Although she was not served with the three day demand required by Article 2639, she appeared at the judicial sale and actually was the successful bidder which we believe effectively waives any right she might have to now contest the proceeding because of failure to serve her with the notice of demand, of course, she is not the complaining party herein. The complaining party, Mrs. Bourgeois, was not named as a defendant in the proceeding nor was she required to be named as such, and, consequently, she was not entitled to receive a three day notice of demand."
For these reasons, I respectfuly dissent.