## LAMBERT v TALVERT

### Case No. 87-163 AP (County Court Case No. 86-6827SPZ5)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 16, 1988

### APPEARANCES OF COUNSEL

**Stephen E. Tunstall** for appellants.

**John C. Mullin, Jr.** for appellee.

Before NADLER, SALMON, KORNBLUM, JJ.

### OPINION OF THE COURT

J. M. NADLER, Judge.

Plaintiffs and Defendant are adjoining townhome owners. An unex-

posed pipe, inside Defendant's dwelling structure cracked and caused damage to Plaintiffs' property. Plaintiffs brought action invoking the doctrine of Res Ipsa Loquitur. The County Court Judge ruled that the doctrine did not apply and held for the Defendant. This appeal followed.

In order to prevail, the Plaintiffs must directly prove that they sustained an injury because of the negligence of another. The mere fact that an accident occurred is not enough to prove negligence. *Moulden v Jefferson Standard Life,* 192 So. 688 (Fla. 1940).

When there is no direct proof of negligence, the doctrine of Res Ipsa Loquitur allows the introduction of circumstantial evidence. 38 Fla. Jur. 2d Negligence § 150. Res Ipsa Loquitur permits the fact-finder to draw an inference of negligence upon a showing that:

(1) the instrument was in the exclusive control of the Defendant at the time of the injury;

(2) the Plaintiffs were not contributorily negligent; and

(3) the accident would not have occurred had the Defendant used due car. 38 Fla. Jur. 2d Negligence § 150.

While it is true that: (1) the unexposed pipe was in the exclusive control of the defendant and (2) the Plaintiffs were not contributorily negligent, (3) it is *not true* that the accident would not have occurred had the Defendant used due care.

First, whatever act caused the pipe to crack, the Defendant will not be held liable if the negligent act can be attributed to someone other than the Defendant. *Estes Inc. v Florida Power & Light Co.,* 242 So.2d 474 (Fla. 4th DCA 1970).

Second, the doctrine of Res Ipsa Loquitur is inapplicable where the facts surrounding the injury are discoverable and directly provable. *Goodyear Tire & Rubber Co. v Hughes Supply Inc.,* 358 So.2d 1339 (Fla. 1978). In the case *sub judice,* the pipe would have cracked regardless of whether the Defendant used due care. Therefore, the Defendant cannot be held liable.

Finally, as a matter of law, the fundamentals of negligence are not present. There is no causal connection between any act or omission of the Defendant and the resulting injury.

For the preceding reasons, the County Court Order should be sustained, Judgment is affirmed.