### W. A. Holland v. J. G. Miller.

Although no sentence of interdiction may have been pronounced, yet it will be sufficient to vitiate a contract if it can be shown that insanity or imbecility of mind has been taken advantage of.

APPEAL from the District Court of Morehouse. *Richardson, J.*
*Todd & Brigham,* for plaintiff and appellant. *Newton & Hall,* for defendant.

Cole, J. Plaintiff is appellant from a judgment rendered against him to recover certain slaves described in his petition, in the defendant's possession, with their hire; or for the value of said slaves and hire; and to annul the judgment under it, by virtue of which, defendant claims title to the slaves.

The grounds alleged for annulling the judgment, are

1st. On account of the insanity of plaintiff at the time the confession of judgment was signed, and at the time the judgment was rendered thereon.

2d. That the judgment was fraudulently procured by taking advantage of plaintiff's imbecility of mind; and

3d. That the judgment was without consideration, and the account on which it was based entirely fictitious, or that if the debts therein stated to have been paid, were really paid, it was done with plaintiff's funds, as the defendant had previously thereto received a large amount of plaintiff's property and funds.

1. As plaintiff wishes to annul a judgment on the ground of insanity, it is incumbent on him to establish its existence at the time he confessed judgment. In this case there has been no judgment of interdiction, and the proof does not clearly establish the first point.

Art. 1781. C. C. declares, that the contract, entered into by a person of insane mind, is void as to him for the want of that assent, which none but persons, in possession of their mental faculties, can give.

It is not the judgment of interdiction therefore, that creates the incapacity, it is evidence only of its existence, but it is conclusive evidence. The fourth rule deduced from the principle of said article is, that, except in the case of death, no suit can be brought, nor any exception made to invalidate a contract on account of insanity, unless judgment of interdiction be pronounced before bringing the suit, or at least applied for before making the exception. This rule is modified by other principles in Art. 1781, but they do not affect the facts of this case.

Contracts would rest on a very weak foundation, if those of the most solemn character could be avoided on allegations of insanity when the proof thereof is contradictory.

It would be necessary for contracting parties, before the execution of the contract to inquire into their mutual mental soundness.

There is then much in favor of the rule that judgment of interdiction must be pronounced before instituting suit to annul a contract, except in the cases provided for by law, and this brings us to the second point of plaintiff, that the judgment was fraudulently procured by taking advantage of plaintiff's imbecility of mind.

If plaintiff had established this position, he would have had a legal defence; for even where there is no interdiction, fraud will vitiate the contract, if it can be shown, that insanity or imbecility of mind has been fraudulently taken advantage of.

HOLLAND
*v.*
MILLER.

For, a person might be notoriously insane or imbecile, yet he might not have been interdicted, and advantage might be taken of it to induce him to transfer without consideration his rights. Plaintiff has not satifactorily established his second position.

We will also observe, that if the fraud should appear plainly on the face of the instrument, it would be a sufficient cause to annul the contract, but such is not the case in the suit at bar.

The third point, that the judgment was without consideration is not proved.

This case was decided in favor of defendant by the judge *a quo*. He was better acquainted with the credibility of the witnesses than we are; and there does not appear to be sufficient grounds for reversing the judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed with cost.