(94 South. 322)

No. 25142.

### STRONG et al. v. HAYNES.

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Real actions ⬡⇒7(1)—Petitory action; litigant may disregard contract, and, treating it as absolutely void, bring petitory action.**

A litigant may at his own risk ignore a contract, and, treating it as absolutely void, stand or fall on the result of a petitory action.

2. **Real actions ⬡⇒7(1)—Petitory action; litigant cannot show facts to annul transaction merely voidable.**

Where plaintiff brings a petitory action, treating a contract as absolutely void, he cannot show facts which would otherwise have been ground for annulling a transaction merely voidable.

3. **Real actions ⬡⇒7(1) — Petitory action; when action of nullity joined with petitory action, pleas and defenses fatal to former are decisive of latter, unless deed absolutely void.**

Where the action of nullity is coupled with a petitory action, pleas and defenses fatal to the former are necessarily decisive of the latter, when plaintiffs are claiming solely through the vendor whose act is assailed, unless the deed be absolutely void.

4. **Deeds ⬡⇒211(3) — Sales; evidence insufficient to show fraud in obtaining deed from owner, who had had stroke of paralysis.**

In a suit for nullity and rescission of a deed, evidence *held* insufficient to show defendant guilty of fraud in obtaining deed from owner who had had a stroke of paralysis; the evidence being conflicting concerning her mental condition.

5. **Deeds ⬡⇒203—Sales; evidence inadmissible to show mental incapacity, when grantor not interdicted, though living for more than 30 days.**

Under the express provisions of Rev. Civ. Code, art. 1788, subd. 5, where a grantor, though living for more than 30 days after the execution of her deed, was never interdicted and no petition for that purpose was filed, evidence was inadmissible to prove her alleged mental incapacity, especially in the absence of actual fraud.

6. **Cancellation of instruments ⬡⇒34(1)—Staleness of claim held to bar suit by heirs for nullity or rescission.**

Where heirs remained silent for 16½ years without assailing their ancestor's deed, and until the property had largely increased in value, though the grantee was in possession, and the parish records disclosed the source of his title, the staleness of their claim bars relief in equity in suit for nullity or rescission.

7. **Limitation of actions ⬡⇒36(3) — Prescription; action to annul or rescind deed, for causes not patent on face of record, held barred.**

Where a deed was not absolutely void, an action to annul or rescind for causes not patent

on the face of the record was prescribed, when not brought for 16½ years, under Rev. Civ. Code, art. 3542, relative to actions for nullity or rescission, especially where no actual fraud was proved.

Appeal from Second Judicial District Court, Parish of Webster; D. W. Stewart, Judge ad hoc.

Action by C. M. Strong and others against S. N. Haynes. From a judgment for plaintiffs, defendant appeals. Judgment annulled and set aside, and plaintiff's demands rejected.

Thomas W. Robertson, of Shreveport, and Charles M. Roberts, of Minden, for appellant.

Drew & Drew, of Minden, Lynn & Riddle, and Lewis Hunter, for appellees.

By the WHOLE COURT.

DAWKINS, J. Plaintiffs alleged themselves to be the owners, as heirs of Mrs. Mary Caroline Strong, deceased, of 80 acres of land situated in Webster parish, described as the E.½ of S.W.¼ of section 10, township 23 north, range 9 west. They further allege that defendant was in possession without right or title, but, as they are informed and believe, was withholding same from petitioners—

"by virtue of a certain pretended deed of conveyance, alleged to have been executed by the said Mrs. M. C. Strong on February 6, 1904, recorded March 15, 1904; * * * that said pretended deed of conveyance was obtained by the said defendant through fraud, through and by certain fraudulent conduct and means, in that, when the said M. C. Strong was ill and in a paralyzed condition, being totally unable to talk and wholly mentally incompetent, and unable to discern or know the purport of said instrument or deed, and being unable to either give her consent thereto or make her mark, the said defendant wrongfully and unlawfully, knowing the said M. C. Strong to be in said condition, signed her name to said instrument and pretended to take hold of the said M. C. Strong's hand and have her touch the pen, when in truth and in fact the said M. C. Strong was totally incompetent and unable to give her consent to such instrument, and that by reason of said facts, said pretended conveyance failed to vest any title in said defendant and is totally void; that said petitioners are entitled to judgment of this court declaring said instrument of no force and effect."

The prayer was that petitioners be recognized as owners, entitled to possession, and that the instrument be declared null and void.

Defendant denied the allegations of plaintiffs' petition and averred that he had acquired the property in good faith, for a just and adequate consideration, and pleaded the prescription of 1 and 10 years. Subsequently he pleaded the prescription of 2 and 5 years. The case was tried on these issues, and there was judgment for the plaintiffs as prayed for; but a new trial was granted. Defendant then filed a plea of prescription of 30 days. additional evidence was introduced, and judgment was again rendered in plaintiffs' favor, decreeing them owners of the property, "and annulling and setting aside the transfer from M. C. Strong to S. N. Haynes, dated February 6, 1904. * * *"

Defendant has appealed.

## Opinion.

The petition in this case partakes of the nature both of a petitory action and one for the nullity or rescission of a contract of plaintiffs' ancestor on the ground of fraud. While the allegation is made that the transfer was absolutely void, the petition otherwise discloses that, if invalid, it was only voidable. The grounds of attack are the incapacity of the vendor and fraud, which is said to consist of the taking advantage of this same incapacity by obtaining the mark of Mrs. Mary Caroline Strong to the deed, when the vendee knew that she was totally incapable of realizing the nature of her act.

[1-3] A litigant has the right to ignore any given contract, at his risk, and, treating it as absolutely void, stand or fall upon the result of a petitory action, in which case

he cannot show the facts which otherwise would have been ground for annulling a transaction merely voidable; but, where the action of nullity is coupled with the petitory action, pleas and defenses which are fatal to the former are necessarily decisive of the latter, unless the deed be found absolutely void, where the plaintiffs are claiming solely through the vendor whose act is assailed. Bankston et al. v. Owl Bayou Cypress Co., 117 La. 1053, 42 South. 500.

[4, 5] The record discloses that the deceased signed or affixed her mark to the deed, and that the price, which was all that the land was worth at the time, was paid, and the only fraud charged or attempted to be proven was that the deceased, as the effect of a stroke of paralysis, was mentally incapable of appreciating the nature of her act, and that defendant knew it. On this point the testimony is conflicting, and seemingly about equally balanced. We do not find it necessary to go into an analysis or elaborate discussion thereof, but sufficient to say that the mental condition of the deceased was not shown to be such as to render her totally incapable of any civil act. She had had a stroke of paralysis of the right side in the fall of 1903, and thereafter was unable to handle herself without assistance. About half of the witnesses say she could make herself understood and her wants known, and the other half say she could not. Most all of them were interested in the cause or connected with the parties in some way. The attending physician says that, while the mentality of Mrs. Strong was impaired to some extent, she was capable of appreciating what went on about her. Considering the evidence as a whole, we think plaintiffs have failed to show a condition rendering the defendant guilty of fraud in obtaining the deed from the deceased, which on its face bears no evidence of the incapacity or insanity. She lived more than 30 days after it was executed, was never interdicted, nor was a petition filed for that purpose, and in these circumstances evidence was inadmissible to prove her alleged mental incapacity, especially in view of the want of proof of actual fraud. R. C. C. art. 1788, subd. 5.

[6] These plaintiffs were content to remain silent for 16½ years without assailing this transaction and until the property, worth only $100 at the time of its sale, had enhanced thousands of dollars by virtue of its supposed value for oil and gas. To their knowledge, defendant had remained in possession all this time, and the records of Webster parish disclosed the source of his title. Therefore the staleness of the claim bars it from equitable consideration at the hands of this court.

[7] Having found that the deed was not absolutely void, and that this is primarily an action to annul or rescind a contract for causes not patent on the face of the record, and further that there was no actual fraud, it is clearly prescribed under the provisions of article 3542 of the Revised Civil Code.

For the reasons assigned, the judgment appealed from is annulled and set aside, and plaintiffs' demands rejected, with costs in both courts.