319 So.2d 872 (1975)
Mary Jane Arable ROACH, et al., Plaintiffs-Appellants,
v.
Joseph CHAISSON, et ux., Defendants-Appellees.
No. 5129.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*873 Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiffs-appellants.
Pugh, Buatt, Landry & Pugh by J. W. Landry, Jr., Crowley, La. for defendants-appellees.
Before DOMENGEAUX, WATSON and HALL, JJ.
HALL, Judge.
Plaintiffs, the widow and heirs of Marciel Roach, filed suit against defendants, Joseph Chaisson and his wife, seeking to annul and set aside an act of partition entered into by the Roaches and the Chaissons on July 19, 1973. The act of partition effected a division of 62.44 acres owned in indivision by the parties, the Roaches receiving a 25 acre tract (together with all buildings and improvements thereon), and the Chaissons a 37.44 acre tract (there being no building thereon), with the mineral rights remaining undivided.
Roach died September 6, 1973. His widow and heirs filed this suit on January 10, 1974, seeking to set aside the partition on the grounds that (1) Roach was mentally incompetent at the time the act of partition was signed; (2) the act of partition does not reflect the intention and understanding of Roach or his wife, who thought the property was to be equally divided; and (3) the transaction was fraudulent. Defendants denied generally the allegations of plaintiffs' petition.
On trial of the action, defendants objected to the admission of any evidence concerning the alleged mental incompetence of Roach. Depositions of several doctors were apparently admitted, subject to the objection. Defendants' objection to testimony by any of plaintiffs' lay witnesses was sustained and their testimony as to the mental incompetency of Roach was excluded.
After trial, the district court, without assigning written reasons, rendered judgment rejecting plaintiffs' demands and dismissing their suit. Plaintiffs appealed. We affirm the judgment of the district court.
The principal complaint of error asserted by plaintiffs-appellants is the refusal of the district court to allow or to consider evidence relating to the mental incompetency of the decedent, Roach. The ruling of the district court was correct under LSA-C.C. Arts. 403 and 1788 and the established jurisprudence interpreting and applying those articles.
LSA-C.C. Art. 403 provides:
"After the death of a person, the validity of acts done by him can not be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested."
*874 LSA-C.C. Art. 1788 provides in pertinent part:
"The contract, entered into by a person of insane mind, is void as to him for the want of that consent, which none but persons in possession of their mental faculties can give. It is not the judgment of interdiction, therefore, that creates the incapacity; it is evidence only of its existence, but it is conclusive evidence, and from these principles result the following rules:
"* * *
"5. That if the party die within thirty days after making the act or contract, the insanity may be shown by evidence, without having applied for the interdiction; but if more than that time elapse, the insanity can not be shown to invalidate the act or contract, unless the interdiction shall have been applied for, except in the case provided for in the following rule.
"6. That if an instrument or other act of a person deceased shall contain in itself evidence of insanity in the party, then it shall be declared void, although more than thirty days have elapsed between the time of making the act and the death of the party, and although no petition shall have been presented for his interdiction.
"7. In the case mentioned in the preceding rule, other proofs of insanity may be offered by the party who alleges the incapacity, or may be required by the judge.
"* * *"
Reading the two Articles together and giving effect to the provisions of both, it is clear that after the death of a person, the validity of acts done by him cannot be contested for cause of insanity, nor may evidence of insanity be admitted, where the person died more than thirty days after making the act, his interdiction was not pronounced nor petitioned for prior to his death, the mental illness manifested itself more than ten days prior to his death, and the instrument does not contain in itself evidence or proof of the insanity or lack of reason of the person.
In the instant case, Roach died more than thirty days after executing the act of partition. It is stipulated that he was never interdicted nor was a petition for interdiction filed prior to his death. Plaintiffs contend Roach's mental incompetency manifested itself on and prior to the date the act of partition was signed, which was more than ten days prior to his death. The instrument is in good form, was prepared by an attorney, was executed before a notary and two witnesses, and does not contain in itself any evidence or proof of the insanity or lack of reason of the decedent. The Roaches received only 25 acres as compared to 37.44 received by the Chaissons, but the instrument itself reflects that there were improvements on the 25 acre tract and none on the 37.44 acre tract. The difference in acreage does not evidence mental incapacity on the part of Roach. Evidence concerning the alleged mental incapacity of Roach was properly excluded.
Appellants argue that LSA-C.C. Arts. 402 and 403 conflict with LSA-C.C. Art. 1788, and that conflicting interpretations have been given to the Articles as they relate to the admissibility of evidence to annul the acts of persons who died before the attack was made and without having been interdicted. Contrary to appellants' argument, the numerous cases which have dealt with the issue have consistently construed the applicable Articles together and excluded evidence of mental incapacity under the same or similar circumstances as exist in the case at bar.
In Knight v. Knight, 224 La. 483, 70 So. 2d 97 (1953), an objection to the admissibility of evidence to prove the mental incapacity of a deceased person was sustained.
*875 The court cited Article 403 and 1788 and held:
"The act of sale which is contested in this case was executed more than thirty days before the death of the stated vendor, Peter Knight; there is not the least indication that his interdiction was ever petitioned for and the mental alienation complained of did not manifest itself ten days previous to his decease. On its face the act is regular in all respects and there is nothing in it from which results proof of the want of reason on the part of anyone who had anything to do with it. Clearly therefore, under the authority of the cited provisions of the Civil Code, the objection was properly maintained."
Butler v. Austin, 150 So. 449 (La.App.2d Cir. 1933) is closely in point. The court held:
"Defendant objected to the admissibility of any evidence offered to prove the insanity of deceased before, at the time of, and subsequent to the sale in question. The objection was overruled and the tendered testimony was admitted. The objection should have been sustained."
After citing Articles 403 and 1788, the court concluded:
"Where it appears that more than thirty days have elapsed since the insane person has executed a contract and no petition for his interdiction has been applied for within that period, and there is nothing in the contract itself to indicate a condition of insanity, and where the mental alienation manifested itself more than ten days previous to decease, the door is closed to the widow and heirs of deceased to attack such a contract because of incompetency, due to insanity, unless fraud or fraudulent practices on the part of the other party, bearing upon a material part of the contract, be alleged and proved. In this case, the allegations of fraud, etc., have not been sustained by proof. These provisions of the Code have been interpreted and held to have effect as written. Frederick Davis, Adm'r v. Greve & Wilderman et al., 32 La.Ann. 420."
See also Ducasse's Heirs v. Ducasse, 120 La. 731, 45 So. 565 (1908); Strong v. Haynes, 152 La. 695, 94 So. 322 (1922); Succession of Lanata, 205 La. 915, 18 So. 2d 500, 504 (1944); McGee v. Finley, 65 So.2d 384, 387 (La.App.2d Cir. 1953); 47 Tul.L.Rev. 1093, 1105.
Appellants cite and rely on LSA-C.C. Art. 402, which provides that acts anterior to a petition for interdiction may be annulled where it is proved that the cause of interdiction notoriously existed at the time the acts were done and that the party who contracted with the interdicted person could not have been deceived as to the situation of his mind. This Article applies to actions to annul brought during the lifetime of the mentally incapacitated person and presupposes the filing of a petition for interdiction. The Article, and the cases interpreting it, do not apply to an action to annul brought after the death of the alleged mentally incapacitated person whose interdiction was not pronounced or petitioned for prior to his death.
Appellants cite and rely on Chevalier v. Whatley, 12 La.Ann. 651 (1857) and Holland v. Miller, 12 La.Ann. 624 (1857). These cases support the exclusion of evidence of insanity in an action to annul brought under the circumstances existing in the case at bar. The Chevalier case, however, is authority for the proposition that evidence as to the state of mind of a deceased person is admissible where the action to annul is based on specific allegations of fraud beyond merely having purchased from a mentally incompetent person. In that case the evidence was that relatives of the weakminded decedent fraudulently induced him to convey all his property without any consideration whatsoever.
*876 No such allegations or evidence of fraud are present in the case at bar. The word "defraud" is used in the petition but there are no allegations of specific fraudulent conduct other than the fact that defendants dealt with a person of unsound mind and that the partition as confected did not comply with the intention of the parties.
The evidence shows Roach and Chaisson were long-time friends and their wives were sisters. They owned the subject property together for more than 30 years. In February, 1973, Roach was operated on for cancer and was a very sick man from that time until his death in September. Roach and Chaisson discussed dividing the property on several occasions, which is consistent with Roach's desire to get his affairs in good order in view of his terminal illness. It was agreed that an attorney should prepare the instrument and the attorney met with Roach and Chaisson at Roach's home to go over the details. A sketch of how the property would be divided was reviewed and the amount of acreage in each tract was negotiated and agreed upon. The attorney prepared the instrument and the next day went to Roach's home. The instrument was read to the parties in French as they requested and signed by all parties. Chaisson gave Roach the choice of which tract he would take. Roach took the northern 25 acres which, although containing less acreage, contained improvements, was higher land, had more road frontage, and adjoined other property owned by the Roaches.
The evidence is that the actions of defendants were fair, open and aboveboard. It does not appear that Roach was taken advantage of, even assuming a lack of full mental awareness on his part. Fraud was not proven.
Appellants further contend that Mrs. Roach, who cannot read or write and who speaks and understands only French, did not understand the transaction, particularly how the property was to be divided, and that the act should be set aside for error or mistake because it did not reflect the intentions of the parties. The evidence reviewed above refutes this contention. Error or mistake was not proven.
For the reasons assigned, the judgment of the district court is affirmed at appellants' costs.
Affirmed.