CIACCIO, Judge.
Defendant, New Orleans Home Guard and Iron Works Co., appeals from a default judgment rendered against it and in favor of plaintiff, Security Homestead Association. We reverse and remand for further proceedings.
Security filed a “Petition on a Promissory Note”, seeking, as a holder in due course, to obtain a judgment against defendant, Clara West Crier, as the maker of a promissory note payable to the order of Home Guard or bearer. Alternatively, plaintiff sought recovery from Home Guard under the terms of an “Act of Endorsement and Assignment.” Both defendants were properly served and cited to appear. After Home Guard failed to answer within the time prescribed by law, the trial court rendered a default judgment against Home Guard in favor of Security. No judgment has been rendered against Clara West Crier.
On appeal Home Guard argues four assignments of error: (1) The petition and the evidence offered in support thereof were insufficient to support the judgment. (2) The petition fails to state facts necessary to support Security’s right of action. (3) The suit was premature, and, (4) Security failed to allege or prove the incapacity of Clara West Crier.
In confirming a default, plaintiff must not only prove every essential element of his cause of action, he must also plead every essential element as a prerequisite to that proof, Syke v. White et al., 391 So.2d 553 (La.App. 3d Cir.1980). If a necessary fact is not alleged in the petition, evidence of such can neither be admitted nor considered by the trial court in confirmation of default. The pleadings cannot be enlarged by the introduction of evidence in a confirmation of default proceeding. Morris v. M/V Creole Belle, 394 So.2d 727 (La.App. 3d Cir.1981).
Security’s petition contains no allegations of fact in support of a cause of action against Home Guard on the promissory note as it was endorsed by Home Guard to the order of Security “without recourse.” The only allegations of Security’s petition which attempt to assert liability on the part of Home Guard are contained in paragraphs VI and VII which read as follows:
VI.
Alternatively, petitioner hereby alleges that by act of Endorsement and Assignment dated April 17, 1981, defendant, New Orleans Home Guard and Iron Works Co. warranted *89 “That the said Contract is genuine and that all statements and facts contained therein are true; that the parties to said Contract have the capacity to contract; ... If any warranty shall be untrue, the undersigned agrees to repurchase said Contract for unpaid balance thereon, plus all costs and expenses incurred by the assignee upon assignee’s demand.” (emphasis added)
copy of Endorsement and Assignment annexed hereto and marked P-1.
VII.
Petitioner further alleges that in the event any warranty contained in said act of Endorsement and Assignment is proved untrue during the course of these proceedings, such fact would cause the defendant, New Orleans Home Guard and Iron Works Co. to be liable to petitioner under the terms of said act of Endorsement and Assignment.
These paragraphs imply that the endorsement quoted in paragraph VI applies to the promissory note. However, the contract and the note are two separate instruments and the endorsement does not apply to the promissory note but applies solely to an installment contract. The petition does not identify the contract or allege facts creating a cause of action arising out of the contract. Further, although Security annexed a copy of the contract to its petition it failed to introduce into evidence the installment contract which forms the only basis upon which recovery may be had against Home Guard.
At the confirmation hearing Security attempted to prove a breach of contractual warranty by offering evidence of Ms. Crier’s incapacity to contract due to her mental incompetence. In support of this claim Security offered the testimony of an attorney who had represented Ms. Crier’s nephew and “had the occasion to see her on a number of occasions.” He testified as to his opinion concerning Ms. Crier’s mental incompetence and consequent contractual incapacity. The petition did not allege any facts in support of the breach of any specific warranty. More particularly, it did not allege the breach of the contractual warranty Security sought to prove, i.e., Ms. Crier’s mental incompetence. Such evidence, therefore, was inadmissible in confirmation of a default. Skye v. White et al, supra; Morris v. M/V Creole Belle, supra.
Although the record reflects through the sheriffs return that domiciliary service was made upon Ms. Crier through her niece, Cynthia, approximately eight weeks before the confirmation hearing, the witness testified that Ms. Crier had been dead “at least a year, perhaps two.” Accepting this testimony as true, as appellee did in its brief, any evidence of Ms. Crier’s mental incompetence as it affected her contractual capacity was inadmissible under La.C.C. arts. 403 and 1788. See: Roach v. Chaisson, 319 So.2d 872 (La.App. 3d Cir., 1975); and, Banks v. Johns, 289 So.2d 194 (La.App. 1st Cir.1973).
Security also failed to allege in its petition that it offered the contract to Home Guard to be repurchased. By its terms, the contract endorsement only obligates Home Guard to repurchase the contract if any warranty shall be untrue. An offer by Security and a refusal by Home Guard would be a necessary prerequisite before judgment could be obtained against Home Guard.
Applying the legal requirements for confirming defaults enunciated above to the petition and evidence offered in this case, we find the default judgment was improvidently granted. Accordingly, the default judgment against New Orleans Home Guard and Iron Works Co. is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff-appellee. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.