KNOLL, Judge.
Standard Life Insurance Company (hereafter referred to as Standard) provoked this concursus proceeding against the original beneficiary, Betty Ann Taylor, and the substituted beneficiary, Beatrice M. Dixon, to determine which one was entitled to receive the proceeds of the life insurance policy it had issued on the life of John Taylor, Jr.
John Taylor, Jr. was employed by Bolton Ford, Inc. The corporation made available to its employees a group life insurance policy issued by Standard. Mr. Taylor purchased life insurance under this group policy in the amount of $10,000.00. He enrolled on March 8,1972, designating his daughter, Betty Ann Taylor, as beneficiary. By letter dated May 1, 1981, addressed to Standard he changed his beneficiary to Beatrice M. Dixon.[1]
On November 11, 1981, Mr. Taylor died. The life insurance policy with Standard was in full force and effect. After Mr. Taylor’s death both Betty Ann Taylor and Beatrice M. Dixon made a claim upon Standard for the life insurance proceeds.
Relying on Mr. Taylor’s May 1 letter to Standard, Beatrice M. Dixon answered the concursus petition asserting her claim as beneficiary to the life insurance proceeds. Betty Ann Taylor filed an answer to the concursus petition seeking to set aside the May 1 change of beneficiary on the grounds that Mr. Taylor was without sufficient mental faculties to execute a legally binding change of the beneficiary.
There is no dispute that Mr. Taylor’s change of beneficiary was in accordance with Standard’s policy requirements. No allegations of fraud or fraudulent practices on the part of Beatrice M. Dixon were made.
The trial court heard the matter on the following stipulated facts: (1) John Taylor, Jr., died on November 11, 1981; (2) the letter changing the beneficiary to Beatrice M. Dixon was dated May 1, 1981, and was received by Standard on May 12, 1981; (3) no proceedings were instituted nor was any judgment rendered interdicting Mr. Taylor prior to his death; (4) the acts of Mr. Taylor’s mental incompetency complained of by appellant occurred more than ten days prior to his death. With the stipulations the trial court received the original life insurance enrollment card and the May 1 letter.
Based on the stipulated facts the trial court ruled that evidence of the mental incompetency of the deceased, Mr. Taylor, was inadmissible.
Under the stipulation of facts the trial court rendered judgment rejecting the claim of Betty Ann Taylor, and further recognized Beatrice M. Dixon as the beneficiary and entitled to receive the proceeds of *1296 Mr. Taylor’s life insurance policy with Standard.
The appellant’s primary complaint is the trial court’s refusal to consider the evidence pertaining to the mental incompetency of Mr. Taylor. We conclude that the trial court’s ruling was proper under LSA-C.C. Arts. 403 and 1788.
Article 403 of the Civil Code provides: “After the death of a person, the validity of acts done by him can not be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested.”
In pertinent part Article 1788 of the Civil Code states:

“The contract, entered into by a person of insane mind, is void as to him for the want of that consent, which none but persons in possession of their mental faculties can give. It is not the judgment of interdiction, therefore, that creates the incapacity; it is evidence only of its existence, but it is conclusive evidence, and from these principles result the following rules:

'“... 5. That if the party die within thirty days after making the act or contract, the insanity may be shown by evidence, without having applied for the interdiction; but if more than that time elapse, the insanity can not be shown to invalidate the act or contract, unless the interdiction shall have been applied for, except in the case provided for in the following rule.

6. That if an instrument or other act of a person deceased shall contain in itself evidence of insanity in the party, then it shall be declared void, although more than thirty days have elapsed between the time of making the act and the death of the party, and although no petition shall have been presented for his interdiction.

7. In the case mentioned in the preceding rule, other proofs of insanity may be offered by the party who alleges the incapacity, or may be required by the judge.’”

The appellant relies on paragraph 8 of Civil Code Article 1788 which provides:

“8. That where insanity is alleged to avoid a donation or other gratuitous contract, it is not necessary to show that the incapacity was generally known; it will be sufficient to show that it existed, and if the party be dead, without having been interdicted, it is not necessary in this case to show that the interdiction was applied for.”

Her reasoning is based on the conjecture that the changing of beneficiaries is tantamount to a donation or gratuitous act. Such a characterization would not have required the showing of an interdiction as a condition precedent to a finding that Mr. Taylor’s act was void for lack of mental capacity to contract.
In order to adopt appellant’s reasoning under Article 1788(8) of the Civil Code it is first necessary that we characterize the act of changing beneficiaries under a life insurance contract as being a donation or gratuity. We reject this argument.
The law is well established since Sizeler v. Sizeler, 170 La. 128, 127 So. 388 (La.1930) at page 388 that a life insurance policy:
"... is a contract sui generis, governed by rules peculiar to itself, the outgrowth of judicial precedent and not of legislation.
For although it is quite certain that such a contract, when wholly gratuitous as to the beneficiary, can be assimilated only to a donation either inter vivos or mortis causa ... yet the Supreme Court of this State has uniformly refused to apply to life insurance policies the rules applicable to donations, ..." quoting from Mary Ticker v. Metropolitan Life Insurance Company, 11 Orleans App. 55 (1914).
In accord see: In Re Sun Life Assurance Company, 155 So. 399 (La.App.Orl.1934); Succession of Rockvoan, 141 So.2d 438 (La. *1297 App. 4th Cir.1962). Following the well-founded reasoning of Sizeler, supra, we refuse to classify the changing of a beneficiary under a life insurance contract as a donation or gratuity. Accordingly, paragraph 8 of Article 1788 of the Civil Code does not apply to the case at bar.
Articles 403 and 1788 of the Civil Code have been consistently read in pari materia. The clear effect of their provisions are that:

.. after the death of a person, the validity of acts done by him cannot be contested for cause of insanity, nor may evidence of insanity be admitted, where the person died more than thirty days after making the act, his interdiction was not pronounced nor petitioned for prior to his death, the mental illness manifested itself more than ten days prior to his death, and the instrument does not contain in itself evidence or proof of the insanity or lack of reason of the person.”

Roach v. Chaisson, 319 So.2d 872 (La.App. 3rd Cir.1975). See also: Knight v. Knight, 224 La. 483,70 So.2d 97 (La.1953); Butler v. Austin, 150 So. 449 (La.App. 2d Cir.1933); Strong v. Haynes, 152 La. 695, 94 So. 322 (La.1922).
After completing an analysis of Articles 403 and 1788, the court in Butler v. Austin, supra, made the following pertinent observations:
“Where it appears that more than thirty days have elapsed since the insane person has executed a contract and no petition for his interdiction has been applied for within that period, and there is nothing in the contract itself to indicate a condition of insanity, and where the mental alienation manifested itself more than ten days previous to decease, the door is closed to the widow and heirs of deceased to attack such a contract because of incompetency, due to insanity, unless fraud or fraudulent practices on the part of the other party, bearing upon a material part of the contract, be alleged and proved... These provisions of the Code have been interpreted and held to have effect as written. Frederick Davis, Adm’r v. Greve & Wilderman et a1, 32 La.Ann. 420.”
It was stipulated that Mr. Taylor, was not interdicted and no petition for interdiction was filed prior to his death. The appellant asserted that Mr. Taylor’s mental incompetency was in existence on the date the change of beneficiary was executed, a date far exceeding ten days prior to his death. The letter changing the beneficiary is regular as to form and Mr. Taylor’s signature appears legibly at the closing. Mr. Taylor died more than thirty days after perfecting his change of beneficiary. Under these stipulations the trial court acted properly in excluding evidence relevant to the allegation of Mr. Taylor’s mental incapacity.
For the reasons assigned, the judgment of the trial court is affirmed. Cost of this appeal is assessed to appellant.
AFFIRMED.

. The body of John Taylor, Jr.’s letter of May 1, 1981, reads as follows:

“Gentlemen:

You are hereby authorized and directed to change my beneñciary on the above policy from Betty A. Taylor to Beatrice M. Dixon, effective immediately. Please acknowledge receipt of this authorization and send me the proper form to attach to my policy refíecting Beatrice M. Dixon as my beneficiary.

Yours very truly,

/s/ John Taylor, Jr.”