# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30371
Summary Calendar

AMERICAN GENERAL LIFE INSURANCE COMPANY, INC

Plaintiff

v.

EVELYN JACKSON WILKES

Defendant-Appellee

v.

QUEEN ESTER HINKLE

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC 3:07-CV-222

Before STEWART, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Queen Ester Wilkes Hinkle appeals the district court's grant of summary judgment in favor of Evelyn Jackson Wilkes, recognizing her as the sole

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

beneficiary of two American General Life Insurance Company ("AG Life") life insurance policies of the late John Henry Wilkes. We affirm.

## I. FACTS AND PROCEEDINGS

This appeal involves a dispute over decedent John Wilkes's life insurance proceeds between his wife, Evelyn Wilkes, and his daughter from a former marriage, Queen Ester Wilkes Hinkle ("Hinkle"). John Wilkes purchased two life insurance policies, insuring his life, from AG Life. The first policy, number X9011409 in the amount of $100,000, was issued on April 10, 2002, and named John Wilkes's then-wife, Patricia Ann Wilkes, as the sole beneficiary. The second policy, number X9019202, also in the amount of $100,000, was issued on November 17, 2003, and named the John Wilkes's nephew, Milo G. Allen, as the sole beneficiary.

Over the next three years, John Wilkes changed the beneficiary of both policies multiple times. On December 20, 2005, he changed the beneficiary designation of both policies to Hinkle. Shortly thereafter, on March 7, 2006, he signed a Change of Beneficiary form, naming Evelyn Wilkes as the sole irrevocable beneficiary of the second policy.[1] On March 20, 2006, AG Life notified John Wilkes that it had changed the beneficiary designation of this policy as requested. Likewise, on March 29, 2006, John Wilkes signed a Change of Beneficiary form, naming Evelyn Wilkes as the sole irrevocable beneficiary of the first policy. On April 3, 2006, AG Life notified John Wilkes that it had changed the beneficiary designation of this policy as requested. Evelyn Wilkes witnessed John Wilkes's signature on both of these Change of Beneficiary forms. John Wilkes died on December 9, 2006.

---

[1] After his marriage to Patricia Wilkes ended, John Wilkes met Evelyn Jackson in late November 2005 and married her on March 11, 2006. He signed the form naming "Evelyn Wilkes" as the sole beneficiary on the second policy on March 7, 2006, presumably in anticipation of their marriage four days later.

Under these policies, when John Wilkes died, AG Life became obligated to pay the sum of $200,000, plus accrued interest, to the person rightfully entitled to the death benefit. Evelyn Wilkes, as the named beneficiary, executed a claimant statement asserting her rights to the proceeds of both policies on December 13, 2006. Before that claim was processed, Hinkle notified AG Life via numerous letters that she also claimed an interest in the proceeds as the last properly named beneficiary, challenging the validity of the Change of Beneficiary forms designating Evelyn Wilkes as the sole irrevocable beneficiary. Specifically, Hinkle claimed that John Wilkes lacked the mental capacity to complete those Change of Beneficiary forms and that the forms were forged.[2] Hinkle submitted an adverse claim request with AG Life on December 27, 2006.

On April 4, 2007, AG Life filed an interpleader action under Federal Rule of Civil Procedure 22 against Evelyn Wilkes and Hinkle to determine the rightful beneficiary of the insurance proceeds. After AG Life deposited the requisite funds into the registry of the court, the district court, pursuant to an agreement by all parties, dismissed AG Life from this action. On August 14, 2007, Evelyn Wilkes moved for summary judgment, arguing that Hinkle had not demonstrated any contractual incapacity as required by Louisiana Civil Code article 1926 and that she was thus barred from attacking the validity of the Change of Beneficiary forms. In response, Hinkle asserted that the forms could be attacked based on lack of capacity despite the limitations of article 1926, when fraud or undue influence was involved. On September 12, 2007, the district court referred Evelyn Wilkes's motion for summary judgment to a magistrate judge. On February 28, 2008, the magistrate judge filed a report and recommendation ("R & R"), finding that Evelyn Wilkes was the rightful beneficiary of the insurance proceeds. On March 31, 2008, the district court

---

[2] Hinkle's former counsel had the signatures on the Change of Beneficiary forms evaluated for forgery, but they were found to be genuine. Hinkle thus abandoned that claim.

adopted the magistrate judge's R & R and granted summary judgment in favor of Evelyn Wilkes. Hinkle appeals.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment in favor of Evelyn Wilkes de novo. See Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "We consider the evidence in a light most favorable to [Hinkle], the non-movant, but she must point to evidence showing that there is a genuine fact issue for trial" in order to survive summary judgment. Richardson, 434 F.3d at 332.

## III. ANALYSIS

### A. Contractual Capacity

Hinkle argues that John Wilkes lacked contractual capacity at the time he signed the Change of Beneficiary forms in March 2006. In Louisiana, "[f]our elements are required for confection of a valid contract: (1) the capacity to contract; (2) mutual consent; (3) a certain object; and (4) a lawful cause." In re Succession of Flanigan, 961 So. 2d 541, 544 (La. Ct. App. 2007). Although "the capacity to contract is presumed," see id., Louisiana Civil Code article 1926 provides:

> A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences a lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.

Exceptions to the presumption of contractual capacity "must be shown quite convincingly and by the great weight of evidence." First Nat'l Bank of Shreveport v. Williams, 346 So. 2d 257, 264 (La. Ct. App. 1977).

Hinkle fails to demonstrate that John Wilkes lacked contractual capacity under article 1926. Three requirements are not at issue. "The changing of a beneficiary under a life insurance policy is not a gratuity," Martin v. Metro. Life Ins. Co., 516 So. 2d 1227, 1229 (La. Ct. App. 1987), John Wilkes did not complete the Change of Beneficiary forms within thirty days of his death, and an application for interdiction was never filed before his death. Thus, to attack the validity of the forms, Hinkle rests her argument on the basis that the contract itself evidenced a lack of understanding.

Hinkle, however, fails to establish this ground for attacking the validity of the forms. Importantly, John Wilkes signed and dated the forms, which clearly set forth a change of beneficiary from Hinkle to Evelyn Wilkes. To counter this fact, Hinkle submitted the affidavits of Gwendolyn Starwood and George Francis, Jr. as proof of John Wilkes's incapacity. Even assuming arguendo that these affidavits are admissible, they are not sufficient to prove that the contract evidences a lack of understanding. Starwood, Wilkes's caretaker from June 2004 to January 2006, stated only that John Wilkes was unable to perform routine tasks and had begun to lose his ability to think during that time period.[3] Francis, a life insurance agent who originally sold John Wilkes the policies in 2002 and 2003, did not provide any relevant information with respect to the signing of the Change of Beneficiary forms in March 2006. Also, the fact that Evelyn Wilkes filled in general information on the forms does

---

[3] Notably, Hinkle argues in her brief that beginning in the latter part of 2005, John Wilkes would not have understood the meaning and end result of signing the Change of Beneficiary forms. However, John Wilkes named Hinkle as the sole beneficiary of both policies on December 20, 2005, during the time in which Hinkle claims John Wilkes was mentally incapacitated. Thus, Hinkle's own argument defeats her claim.

not demonstrate a lack of capacity to contract. Thus, like the district court found, there is insufficient evidence to overcome the presumption that John Wilkes had contractual capacity at the time he executed the Change of Beneficiary forms.

B. Fraud and Undue Influence

Hinkle asserts that even if she does not satisfy the requirements of article 1926, she may still attack the validity of the Change of Beneficiary forms based upon fraud and undue influence under Standard Life Insurance Co. v. Taylor, 428 So. 2d 1294, 1297 (La. Ct. App. 1983), and Butler v. Austin, 150 So. 449, 451 (La. Ct. App. 1933). In order to make that claim in this court, however, Hinkle necessarily argues that the district court abused its discretion when it denied her request to amend her answer to assert these affirmative defenses.[4] If we assume arguendo that Hinkle is correct in both of these assertions, she still fails to set forth any proposed factual allegations that establish fraud or undue influence. As the district court explained, the fact that Evelyn Wilkes filled in general information on the forms, the designation of Evelyn Wilkes as the sole beneficiary was irrevocable, and one form was signed a few days before she and John Wilkes married, is not evidence from which a reasonable jury could find fraud or undue influence. Furthermore, Hinkle does not set forth any specific facts that John Wilkes was misled or deceived by Evelyn Wilkes about the substance or consequences of changing the beneficiary of his policies. Accordingly, we affirm the district court's finding that there are no allegations

---

[4] Hinkle moved the district court on December 21, 2007 and January 13, 2008 for leave to amend her answer to assert the affirmative defenses of fraud and undue influence. However, she filed both motions after the district court had assigned deadlines pursuant to a scheduling order and had even amended the deadlines at her request. She also requested that leave to amend after she had filed her initial opposition to Evelyn Wilkes's motion for summary judgment in September 2007, which made no mention of fraud or undue influence. The district court denied both motions on procedural and substantive grounds.

nor any relevant summary judgment evidence sufficient to create a genuine dispute on the issue of fraud or undue influence.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.