# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2023

Lyle W. Cayce
Clerk

No. 22-30213

Carmen McCleery, *individually and as executrix of* the Succession of Donald T. McCleery, Sr.,

*Plaintiff—Appellant*,

*versus*

Melanie McCleery Speed; Donald Thomas McCleery, Jr.; State Farm Insurance Company; Hartford Life & Accident Insurance Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-1187

Before Elrod, Haynes, and Willett, *Circuit Judges*.
Per Curiam:\*

This appeal arises from a dispute over the proceeds of three life insurance policies purchased by Donald T. McCleery, Sr. ("decedent"). Carmen McCleery ("McCleery"), the decedent's wife, claims that the decedent promised her that she would be the sole beneficiary of the policies.

---

\* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30213

Upon discovering that he also named his children from a previous marriage—Melanie McCleery Speed ("Speed") and Donald Thomas McCleery, Jr. ("Donald")—as beneficiaries, she filed suit in federal court.  She now appeals two rulings by the district court: a partial grant of a motion to dismiss; and a grant of a motion for summary judgment for Speed and Donald.  For the following reasons, we AFFIRM.

## I.     Factual & Procedural Background

Before his death, the decedent purchased three life insurance policies: one policy with Hartford Life and Accident Insurance Company ("Hartford") and two policies with State Farm Insurance Company ("State Farm").  Per McCleery, the decedent repeatedly promised her that he would make her the sole beneficiary of these policies.

First, McCleery alleges that, in anticipation of their marriage, the decedent promised her the proceeds from the aforementioned policies in exchange for her agreement to enter into a separate property agreement. McCleery agreed to this exchange.  Second, McCleery alleges that during their marriage, the decedent again promised her the proceeds from his life insurance policies in exchange for financial assistance.  McCleery again obliged.  Consistent with this agreement, she avers she made various loans and donations to the decedent over the course of their marriage.[1]

Despite these promises, the decedent redesignated the beneficiaries of his life insurance policies several times but never designated McCleery as the sole beneficiary.  Rather, it is undisputed that at the time of his death, the beneficiaries of the policies were as follows: (1) Speed and Donald under one

---

[1] For instance, she alleges that she provided loans to the decedent to help him with gambling debts and other financial obligations, donated two vehicles to him, and agreed to refinance her home to help him secure a loan.

No. 22-30213

State Farm policy; (2) Speed, Donald, and McCleery under the second State Farm policy; and (3) Speed and Donald under the Hartford policy. After the decedent passed away in March 2020, State Farm paid the proceeds of its two policies consistent with these designations.[2]

McCleery subsequently sued Speed, Donald, State Farm, and Hartford in federal court. She submitted claims of detrimental reliance, unjust enrichment, undue influence, and fraud.

Speed and Donald moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion as to McCleery's detrimental reliance claim based on its conclusion that (1) the decedent's estate was an indispensable party under Federal Rule of Civil Procedure 19(a); (2) McCleery had failed to join the estate; and (3) joinder of the estate would destroy complete diversity. However, the district court denied the motion as to McCleery's unjust enrichment and undue influence claims.[3]

Following discovery, Speed and Donald moved for summary judgment. The district court granted their motion and also held, sua sponte, that State Farm and Hartford were entitled to summary judgment for the same reasons; as a result, the district court dismissed McCleery's remaining claims. McCleery timely appealed the final judgment and expressly referenced the partial grant of the motion to dismiss.

---

[2] State Farm did not receive notice regarding a dispute over the proceeds of these policies until after it issued payments.

[3] Separately, the district court granted in part a motion for relief in interpleader filed by Hartford, ordering Hartford to deposit the proceeds of the decedent's Hartford policy and applicable claim interest with the Clerk of Court and dismissing Hartford from this case. Because McCleery does not appeal Hartford's dismissal, we do not address it here.

## II.    Standard of Review

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). We accept "the well-pleaded factual allegations in the complaint" as true and draw all reasonable inferences in favor of the plaintiff, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), though "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions," *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). To survive a motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier*, 503 F.3d at 401 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). We may affirm "on any grounds raised below and supported by the record." *Id.*

We also review de novo a district court's grant of a motion for summary judgment. *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (per curiam) (quotation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* "We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

Separately, we review a district court's determination that a party is indispensable under Rule 19 for abuse of discretion. *See Moss v. Princip*, 913

F.3d 508, 513–14 (5th Cir. 2019). Whether an entity is an indispensable party is "a highly-practical, fact-based endeavor." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "[W]hen an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

## III.     Discussion

### A.     Detrimental Reliance

McCleery first appeals the dismissal of her detrimental reliance claim. The doctrine of detrimental reliance is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence," and generally applies where there is no written or enforceable contract between parties. *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004) (quotation omitted). To prove detrimental reliance, a party must show "(1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Id.*; *see also* La. Civ. Code art. 1967. We note that "Louisiana does not favor recovery under a detrimental-reliance theory." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 232 (5th Cir. 2018). We, alongside the Louisiana Supreme Court, have also observed that detrimental reliance claims are generally limited to situations in which a *promisor* makes a promise to a *promisee*. *See In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007) (reviewing the requirements for detrimental reliance, including that the representation is made by a promisor to a promisee); *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005) (same).

No. 22-30213

Here, McCleery's detrimental reliance theory is that the decedent promised her that she would be the sole beneficiary of his life insurance policies. But notably, McCleery did *not* name the decedent's estate as a defendant. McCleery cited Louisiana cases involving third-party beneficiaries to support her contention that she did not need to sue the promisor (here, because he is a decedent, his estate). *See, e.g.*, *McKee v. Southfield Sch.*, 613 So. 2d 659, 662–63 (La. Ct. App. 1993) (involving a detrimental reliance claim by a student against a school that implicitly promised the student's father that it would provide the student with credit). However, those cases involve *suing* the *promisor*, not ignoring him (or it). In other words, while *McKee* demonstrates that a third party can sue for detrimental reliance against a promisor that fails to uphold a promise in certain situations, these cases do *not* say the promisor need not be joined. *See Stokes v. Ga.-Pac. Corp.*, 894 F.2d 764, 768 (5th Cir. 1990) (explaining, for detrimental reliance purposes, that it is "the *defendant* [that] ma[kes] a representation" upon which the plaintiff relies (emphasis added)).

As the district court accordingly concluded, and McCleery does not dispute, the promisor—the decedent's estate—was indispensable to McCleery's claim. We cannot say that the district court abused its discretion in determining that the decedent's estate is an indispensable party to this litigation in light of the nature of McCleery's claim. *Pulitzer-Polster*, 784 F.2d at 1309. Therefore, we conclude that the district court did not err in dismissing McCleery's detrimental reliance claim.

6

## B.    Fraud & Undue Influence

Next, we consider McCleery's fraud and undue influence claims. McCleery asserts that the decedent fraudulently changed the beneficiaries of the Hartford and State Farm policies and that Speed and Donald unduly influenced him to do so.

Under Louisiana Civil Code Article 1953, to demonstrate fraud, plaintiffs must show defendants (1) made a "misrepresentation" or "suppress[ed] . . . the truth," (2) "with the intention either to obtain an unjust advantage" or "cause a loss or inconvenience." Undue influence, meanwhile, is found under Louisiana law where a person's influence so greatly affects another person that they effectively substitute their will for that of the other person. LA. CIV. CODE art. 1479; *see also Succession of Conville v. Bank One, La., N.A.*, 920 So. 2d 397, 401–02 (La. Ct. App. 2006).

Additionally, to establish fraud and undue influence as to change of beneficiary forms, a plaintiff must submit "specific facts that [the decedent] was misled or deceived by [the defendant] about the substance or consequences of changing the beneficiary of his policies." *Am. Gen. Life Ins. Co. v. Wilkes*, 290 F. App'x 688, 691 (5th Cir. 2008) (per curiam);[4] *see also Colonial Oaks Assisted Living Lafayette, LLC v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020).

But McCleery fails entirely to "set forth any specific facts" that the decedent was misled or deceived by either Speed or Donald. *See Wilkes*, 290 F. App'x at 691. The majority of her arguments revolve around alleged misconduct by the *decedent*, but, as noted above, the decedent's estate is not

---

[4] Although *Wilkes* "is not controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

a party to this case. Moreover, McCleery's factual allegations at most indicate that (1) Speed and Donald were *aware* of potential opportunities to influence the decedent and had *incentive* to do so, and (2) the decedent's redesignation of the policies' beneficiaries and Speed and Donald's inconsistent statements about their communications with the decedent together *suggest* that they influenced him. Of course, Speed and Donald were the decedent's children, so their desire to receive money upon their father's passing is nothing surprising. In any event, McCleery's claims that the decedent's children hanging around him demonstrates fraud are speculative factual allegations that are insufficient. McCleery also failed to submit any evidence indicating that Speed or Donald unduly influenced the decedent through "[p]hysical coercion[,] . . . duress," or by "creating resentment toward a natural object of [the decedent's] bounty by false statements." LA. CIV. CODE art. 1479, cmt. (b). Therefore, we conclude that the district court properly granted Speed and Donald's motion for summary judgment as to McCleery's fraud and undue influence claims.

## C. Unjust Enrichment

Finally, we turn to McCleery's unjust enrichment claim. Under Louisiana Civil Code Article 2298, "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person." The term "without cause" "exclude[s] cases in which the enrichment results from a *valid juridical act* or the law." *Id.* (emphasis added).[5]

---

[5] There are five required elements for unjust enrichment under Louisiana law:

(1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and

McCleery argues that neither the insurance policies nor the beneficiary redesignations could count as valid juridical acts under Article 2298 because she, Speed, and Donald were not parties to them. However, the Louisiana Supreme Court has made clear that "individual policies of insurance" are juridical acts, *Ross v. Ross*, 857 So. 2d 384, 391 (La. 2003), and "juridical acts" include both "contract[s]" and "unilateral act[s]" that are "intended to have legal consequences," LA. CIV. CODE art. 395, cmt. (b).

McCleery further contends that, regardless, the validity of these "juridical acts" is called into question by the decedent's allegedly fraudulent conduct. However, as discussed above, McCleery did not present sufficient "specific facts" to establish her fraud or undue influence claims. *Wilkes,* 290 F. App'x at 691.

Therefore, we agree with the district court's determination that the decedent's change of beneficiary forms constituted valid juridical acts. *See T. L. James & Co. v. Montgomery*, 332 So. 2d 834, 847 (La. 1975) (noting that "the proceeds of life insurance, if payable to a named beneficiary other than the estate of the insured, . . . pass by virtue of the contractual agreement between the insured and the insurer to the named beneficiary"). Because "the enrichment" of Speed and Donald "result[ed] from [these] valid juridical act[s]," McCleery's unjust enrichment claim also fails. LA. CIV. CODE art. 2298; *see Drs. Bethea, Moustoukas & Weaver LLC*, 376 F.3d at 407.[6]

---

impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature.

*Drs. Bethea, Moustoukas & Weaver LLC*, 376 F.3d at 407 (quoting *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1967)).

[6] McCleery submitted a new theory of recovery for why the court should reform the insurance policies in her response to Speed and Donald's motion for summary

No. 22-30213

## IV.    Conclusion

Based on the foregoing, we AFFIRM.[7]

---

judgment.  Because this claim was raised in McCleery's response to Speed and Donald's motion for summary judgment, rather than her own complaint, it is not properly before us, and, accordingly, we do not consider it. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

[7] McCleery did not independently appeal anything related to State Farm, so any such arguments are forfeited. *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 179 (5th Cir. 2000) (declining to consider arguments that were not raised in opening briefs).  Because the district court granted summary judgment to State Farm on the same basis as the individual defendants and the individual defendants prevail, State Farm prevails as well.